Peter Urhausen Esq. SBN 160392
Sean Conley Esq. SBN 130814
GIBBONS & CONLEY
3480 Buskirk Ave., Suite 200
Pleasant Hill, CA 94523
T: 925.932.3600
F: 925.932.1623

Attorney for Defendant, CITY OF COTATI and JOHN A.
DELL'OSSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. BARICH and LAURIE ALDERMAN,<br><br>                     Plaintiffs,<br><br>    v.<br><br>CITY OF COTATI and JOHN A. DELL'OSSO,<br><br>                     Defendants. | Case No. 21-cv-00034-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF COMPLAINT**<br><br>Date:      March 25, 2021<br>Time:     1:30 p.m.<br>Location:  Courtroom 5/Zoom |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on the above date, time, and courtroom of the above-entitled Court, or as soon thereafter as may be heard, Defendants City of Cotati and John DellOsso will and hereby do move the Court for a motion to strike and/or dismiss Plaintiffs' claims, or for a more definite statement, on the issues set forth in the points and authorities filed herewith, including the following issues:

1.  The allegations of events before January 8, 2019 should be stricken.

2.  The claims for violation of the First Amendment should be dismissed or clarified.

3.  The claims for violation of Equal Protection should be dismissed or clarified.

4.  The *Monell* cause of action should be dismissed or clarified.

5.  The claims for violation under the Americans with Disabilities Act should be dismissed or clarified.

6.  The claims against Defendant Dell'Osso should be dismissed on the basis of qualified immunity.

7.  The claim for exemplary damages should be dismissed, stricken, or clarified.

8.  The requests for injunctive relief should be dismissed, stricken, or clarified.

This motion will be based upon this notice of motion, the points and authorities filed herewith, the request for judicial notice filed herewith and items judicially noticed, the declaration of Lauren Berges filed herewith, the pleadings and papers on file in this action, as well as any further material properly presented to the Court in this matter.


Dated: February 12, 2021

GIBBONS & CONLEY


By: */s/ Peter Urhausen*
PETER URHAUSEN, ESQ.
Attorney for Defendant, CITY OF COTATI and
JOHN A. DELL'OSSO

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

Introduction ........................................................................................................ 1

Standard.............................................................................................................. 2

Statement of Issues to be Decided ..................................................................... 2

Allegations of the Complaint ............................................................................. 3

LEGAL ARGUMENT ......................................................................................... 8

The Allegations of Events Before January 8, 2019 Should be Stricken ............................ 8

The Claims for Violation of the First Amendment Should be Dismissed or Clarified....... 9

The Claims for Violation of Equal Protection Should be Dismissed or Clarified ............ 10

The *Monell* Cause of Action Should be Dismissed or Clarified ...................................... 12

The Claims for Violation Under the Americans with Disabilities Act Should be Dismissed or Clarified................................................................................................... 13

The Claims Against Defendant Dell'Osso Should be Dismissed on the Basis of Qualified Immunity............................................................................................... 14

The Claim for Exemplary Damages Should be Dismissed or Clarified ......................... 15

The Requests for Injunctive Relief Should be Dismissed or Clarified ........................... 16

Conclusion ...................................................................................................... 17

# TABLE OF AUTHORITIES

**CASES:**

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662 ................................................................................. 12

*Barnes v. Gorman*
(2002) 536 U.S. 181 ................................................................................. 15

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ................................................................................. 12

*Castro v. City of Los Angeles*
(9th Cir. 2015) 797 F.3d 654 ..................................................................... 16

*Chandler v. State Farm*
(9th Cir. 2010) 598 F.3d 1115 ..................................................................... 2

*City of Newport v. Fact Concerts, Inc*.
(1981) 453 U.S. 247, 271 .......................................................................... 15

*Diamond v. Corazon*
(N.D. CA. 2016) 2016 WL7034036, #4 ........................................................ 16

*Hernandez v. Tulare*
(9th Cir. 2012) 666 F.3d 631 ..................................................................... 12

*Maldonado v. Harris*
(9th Cir. 2014) 370 F.3d 954 ....................................................................... 8

*Midgett v. Tri-County Metropolitan Transit District*
(9th Cir. 2001) 254 F.3d 846 ..................................................................... 13

*Minnesota State Org. for Community Colleges v. Knight*
(1984) 465 US 271, 283 ............................................................................. 9

*Mulligan v. Nichols*
(9th Cir. 2016) 835 F.3d 983 ....................................................................... 8

*Opperwall v. State Farm Fire and Casualty Company*
(N.D. Cal. 2018) 2018 WL 1243085 ........................................................... 15

*Pearson v. Callahan*
(2009) 555 U.S. 223 ................................................................................. 15

*Ribakoff v. Long Beach*
(2018) 27 Cal.App.5th 150, 173 ................................................................ 9, 10

*Smith v. Wade*
(1983) 461 U.S. 30 ...................................................................................... 16

*Starr v. Baca*
(9th Cir. 2011) 652 F.3d 1202..................................................................... 12

*United States v. Ward*
(9th Circuit 1992) 989 F.2d 1015, 1020...................................................... 10

*Updike v. Multnomah County*
(9th Cir. 2017) 870 F.3d 939....................................................................... 14

*White v. Pauly*
(2017) 137 S.Ct. 548 .................................................................................... 14

## CODES/STATUTES:

Federal Rules of Civil Procedure Rule 12(b)(1) ................................................................. 2
Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................. 2
Federal Rules of Civil Procedure Rule 12(c) ...................................................................... 2
Federal Rules of Civil Procedure Rule 12(f)....................................................................... 2
Government Code §54954 ................................................................................................. 13
Government Code §54954.2(a)(1) ..................................................................................... 13
Government Code §818 ..................................................................................................... 16
42 U.S.C. section 1983................................................................................................. 8, 15

## MEMORANDUM OF POINTS AND AUTHORITES

### Introduction

This action involves three incidents. Twice, Plaintiff Alderman was at a Cotati City Council meeting and attempted to appear on behalf of Plaintiff Barich to read a written statement, prepared by Plaintiff Barich, to the City Council. She was not allowed to do so. On that basis, Plaintiffs claim violation of their Equal Protection rights, and Alderman claims violation of her First Amendment rights.

What the Plaintiffs carefully and consciously avoid pleading are facts to which this Court should take judicial notice. First, Plaintiff Alderman was allowed to speak at both Council meetings, and actually did so, as reflected in the minutes of those Council meetings and the video recordings of those meetings. Ms. Alderman chose to speak on other topics. She also attempted to speak separately "on behalf of" Mr. Barich. The Court should also take judicial notice of the City of Cotati's City Council Rules, which provide that a speaker may only speak once, that people may not "trade" their allowable time to speak, and that written communications may be submitted to the Council, but are not read into the record. Plaintiffs carefully avoid mentioning these known time, place, and manner restrictions on presentations at City Council meetings, because Plaintiffs recognize that these facts are fatal to their claims.

A third incident involves an occasion when Plaintiff Barich, who alleges a hearing impairment, attended a planning meeting where audio-assistive devices offered by the City failed to operate properly. Mr. Barich demanded that the meeting be canceled or moved (although this would violate the state law requirements on public meeting notices), and this demand was rejected. Instead, the Mayor suggested that Mr. Barich simply raise his hand if he was actually having difficulty hearing what was being said in the relatively small room. Mr. Barich refused to even attempt this accommodation, and instead simply left the meeting of his own volition. It is this single, isolated incident upon which Mr. Barich's ADA claim is based.

Furthermore, the allegations do not support injunctive relief or exemplary damages, which

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR                    Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

1 | should be stricken.

2 |     As the Complaint fails to allege any valid claims, it should be dismissed, or, at a minimum,

3 | clarified.

4 | **Standard**

5 |     Under Federal Rules of Civil Procedure Rule 12(b)(1), the Court may dismiss allegations of

6 | a complaint where the complaint shows an absence of subject matter jurisdiction, including lack

7 | of standing on behalf of Plaintiff. *Chandler v. State Farm* (9th Cir. 2010) 598 F.3d 1115, 1122.

8 |     Under Rule 12(b)(6), the Court may dismiss allegations of the complaint for "failure to

9 | state a claim upon which relief can be granted." Under Rule 12(c), the Court may require a party

10 | to clarify allegations which are "so vague or ambiguous that the [responding] party cannot

11 | reasonably prepare a response." Under Rule 12(f), the Court may strike "any redundant,

12 | immaterial, impertinent, or scandalous matter" from a pleading.

13 | **Statement of Issues to be Decided**

14 |     1.  Should all of the claims under the first claim, entitled Violation of Equal Protection

15 |         Clause, be dismissed, stricken or clarified.

16 |     2.  Should the second claim, entitled Violation of First Amendment Right to Freedom of

17 |         Speech, be dismissed, stricken or clarified.

18 |     3.  Should the third claim, entitled Violation of First Amendment Right to Freedom of

19 |         Speech, be dismissed, stricken or clarified.

20 |     4.  Should the fourth claim, entitled Violation of Equal Protection Clause, be dismissed,

21 |         stricken or clarified.

22 |     5.  Should the fifth claim, entitled *Monell* Claim, be dismissed, stricken or clarified.

23 |     6.  Should the sixth claim, entitled Violation of Americans with Disabilities Act, be

24 |         dismissed, stricken or clarified.

25 |     7.  Should the claims against Defendant Dell'Osso be dismissed on the basis of qualified

26 |         immunity.

27 |

28 |

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR     Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

8. Should the request for punitive damages be dismissed or clarified.

9. Should the allegations of paragraphs 17-19 be stricken.

10. Should the request for injunctive relief be dismissed or clarified.

**Allegations of the Complaint**

Plaintiffs allege they are residents of the City of Cotati. (Complaint, ¶¶1-3.) Plaintiffs ambiguously allege that Defendant Dell'Osso is an employee (¶3) and also a member of the City Council, serving as Mayor for Cotati (¶4).

Plaintiff Barich alleges the presentation of a claim to the City pursuant to California Government Code. (¶¶9-11.) Barich states that all of the claims in this Complaint are related to three incidents, occurring on January 8, January 22, and March 27, 2019. (¶10.) Plaintiff also alleges that he presented an ADA claim with the Department of Justice, which declined to take action. (¶12.) Plaintiff Alderman states that her claims are based upon events at the City Council meetings on January 8 and January 22, 2019. (¶13.)

Plaintiffs allege that the City of Cotati has a public comment period during Council meetings, and allege in conclusory fashion that members of the public who are not available to attend are allowed to have representatives speak for them and to have written statements read into the record. (¶14.) Plaintiffs know, but carefully avoid alleging, that the City of Cotati has reasonable time, place, and manor restrictions on public presentations. In particular, the Council enforces time limits on public comments. See Request for Judicial Notice, Council Rules IV G(1). Speakers are specifically not allowed to try to trade their time to other speakers, and the rules specify that "speakers may not 'yield' a portion of their allotted time to others." *Id.* at IV G(6). Additionally, the rules also set forth how written communications to the Council should be handled. Where a written communication is being offered at the Council meeting itself, the written communication is delivered to the City Clerk. Rules IV(A)(3). When done so, "although all written communications will become part of the written meeting record, they will not be read into the record at the City Council meeting." *Id.* at IV(A)(5).

1   Plaintiff Barich identifies himself as someone who frequently disagrees with Council

2   members, and identifies Alderman as a frequent Council attendee. (¶15.) Barich identifies himself

3   as having progressive hearing loss. (¶16.) He alleges that he has frequently used City provided

4   electronic hearing-assist devices at Council meetings. He also alleges that the provided hearing-

5   assist devices did not work in the "community room," denying him the ability to fully participate

6   in the Council deliberations. *Ibid*.

7   Plaintiffs next allege some entirely irrelevant events from various dates years ago. The first

8   is from 2014, and involves an alleged statement by a judge about a threat to arrest Barich. (¶17.)

9   This allegation has absolutely nothing to do with any of the issues relevant to this Complaint, and

10   is entirely gratuitous. Plaintiffs next allege that, 15 years ago, some other event occurred

11   involving Barich and other people not related to the current case, and again having absolutely

12   nothing to do with any relevant issue in this case. Aside from slurs on the characters of third-

13   parties not present to defend themselves, the allegations are completely gratuitous. (¶18.) In

14   paragraph 19, Plaintiffs make allegations about yet another stale event, this time from 2017, again

15   not involving any of the Defendants, and not involving any of the issues in the operative claims in

16   this case.

17   At paragraph 20, Plaintiffs begin to focus upon the actual issues in this action. Plaintiffs

18   allege that there was a January 8, 2019 City Council meeting for which Plaintiff Barich was

19   voluntarily not in attendance. Barich asked Plaintiff Alderman to present a written statement on

20   his behalf during a public comment period at that meeting. (¶21.) Plaintiff Alderman presented

21   Defendant Dell'Osso with a copy of this prepared statement, which was accepted by Dell'Osso

22   for inclusion in the record, but Alderman was not allowed to read the statement into the record

23   during public comment. (¶21-22.) The Court is asked to take judicial notice of the fact that

24   Plaintiff Alderman was, in fact, allowed to, and did, speak at the public comment session of this

25   Council meeting. See Request for Judicial Notice, City Council minutes of January 8, 2019 and

26   the video recording of the meeting. Thus, the Plaintiffs carefully avoid alleging the true facts of

27

28

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR       Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

the incident; namely, that Plaintiff Alderman was allowed to speak at the City Council meeting, and chose to speak about something other than whatever Mr. Barich had given her. What she was not allowed to do was to appear on behalf of Barich to separately read that written statement.

Plaintiffs allege that a similar event occurred at the January 22, 2019 City Council meeting. (¶¶23-25.) Although these allegations evasively suggest that Alderman was deprived of a right to speak at the City Council meeting, in fact the true allegation was that she was not allowed to violate the City Council time, place, and manner, restrictions by appearing an additional time to speak separately "on behalf of" Barich by reading his written statement. (¶25.) See Req. Jud. Notice of the January 22, 2019 meeting minutes and video. Alderman was allowed, and did in fact, speak to the Council during that meeting. *Ibid.*

The Complaint alleges that a March 27, 2019 special meeting of the City Council took place at a "community room" at the police station, rather than the usual City Council chambers. (¶26.) Plaintiff Barich had requested an electronic hearing-assist device, and the City Clerk stated that the device would be provided. (¶27.) At the meeting, Barich was given the electronic hearing-assist device, but it did not function properly. (¶28.)

The first cause of action is brought by Plaintiff Barich against Defendant Dell'Osso, claiming violation of the Equal Protection Clause based on the January 8 and 22 events. Barich alleges a class of people who are not in attendance at the City Council meetings, and wish to have statements read into the record by a third-party. (¶38.) Barich makes a fractured allegation about other individuals, but does not specify what occurs with other individuals. (¶39.) Barich alleges the legal conclusion that he was intentionally treated differently from other people, and that there is no rational basis for his different treatment, but no facts are pled in support. (¶40-41.) Plaintiff alleges physical and emotional injury, although no facts pled support either of these allegations. (¶42.)

The second claim is brought by Plaintiff Alderman against Defendant Dell'Osso, and it is an allegation of violation of the First Amendment. This is based upon the January 8, 2019 City

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR
MORE DEFINITE STATEMENT OF COMPLAINT                    Case No. 21-cv-00034-EMC

Council meeting at which Plaintiff Alderman was not allowed to violate City Council rules and speak twice so that she could read Mr. Barich's s written statement. (¶45.) Again, there is a conclusory allegation that the acts were intentional and directed at depriving Alderman (but not Barich) of First Amendment rights, and again no facts are pled. (¶46.) There is another conclusory allegation of physical and mental injury. (¶47.) The third claim alleges essentially the same issues, but based upon the January 22, 2019 City Council meeting. (¶50.)

Claim four is brought by Alderman against Dell'Osso and is identified as an equal protection claim. The Complaint alleges a class of individuals who wish to orally present a written statement by a third-party not present at the City Council meetings. (¶55.) The Complaint, in conclusory fashion, alleges that Defendant Dell'Osso regularly permitted other individuals to read statements from absent members of the public, and that there is no distinction between Alderman and these other individuals. (¶56.) The Complaint again makes conclusory allegations of intent, and alleges that there is no rational basis for the distinction between Alderman and other members of the public. (¶¶57-58.) The allegations do not allege whether these other individuals were allowed additional appearances to present on their own behalf and also on behalf of someone else. Plaintiff goes on to make the conclusory, and fact free, allegations of physical and emotional injury of pain and suffering. (¶59.)

Claim five is brought by Barich and Alderman against the City of Cotati based upon a *Monell* theory. The Complaint alleges that Dell'Osso was the final policy maker for the City of Cotati concerning the alleged acts. (¶64.) There is also an allegation that the acts were part of an unspecified policy that unspecified individuals at the City knew of and consented to. (¶65.) Plaintiffs allege that there are unidentified customs, practices, and procedures of the City which deny certain individuals First Amendment rights based upon the content of their speech, and refuse to accommodate people with disabilities. This latter allegation is peculiar as the ADA claim is brought against the City and there is no such thing as a "*Monell*" ADA claim. The Complaint goes on to allege that the actions of Defendant Dell'Osso were caused by an otherwise

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR
MORE DEFINITE STATEMENT OF COMPLAINT

Case No. 21-cv-00034-EMC

unspecified failure to supervise and train and monitor and discipline the City's "agents," including Dell'Osso. There is a conclusory allegation of the City's actions being intentional, with no supporting facts alleged. (¶71.) There is also an allegation that the City acted with deliberate indifference, again without any factual support. (¶72.) The claim goes on to assert physical and emotional injury and pain and suffering, again without stating any factual allegation. *Ibid*. Finally, this claim alleges that there is no adequate remedy at law, and that the City must be enjoined from continuing its unlawful practices. (¶73.) This allegation is contradicted by Plaintiffs' claim for monetary damages in this case, along with the absence of any allegation of reoccurrence of any of the alleged acts in the last two years, or any allegation of future likelihood of occurrence.

Claim six is brought by Barich against the City of Cotati as an Americans with Disabilities Act claim. Plaintiff alleges that Title II of the ADA applies to the City of Cotati. (¶75.) Plaintiff Barich alleges that he suffers from partial hearing loss, and that he is entitled to participate in meetings at the City Council during public presentation sessions. (¶76.) Barich alleges that he was entitled to an accommodation, including an electronic hearing-assist device, at the March 27, 2019 meeting, but was "excluded" from participation because of his disability. (¶77.) Barich omits reference to the fact that the device was provided, but malfunctioned, as alleged earlier in the Complaint. (¶28.) Barich alleges that he was not accommodated by the City because some of the Council members were seated with their backs to him, the public address system was not in use, and no "working" hearing-assistance device was provided. (¶78.) The Complaint makes the conclusory allegation that the City acted willfully and purposefully in preventing his participation in the Council meeting. (¶79.) Plaintiff alleges that the acts were done under an unspecified official policy or custom, that the City acted maliciously, and that he suffered physical and emotional injury and pain and suffering. (¶80.)

In the Prayer for Relief, Plaintiffs pray for injunctive relief to prohibit the prevention of Alderman from exercising her First Amendment right to participate in City Council meetings and to deny Barich and Alderman equal protection. There is a prayer for "affirmative relief" of

7

accommodation of Barich's disability at City Council meetings. There is an undifferentiated request for compensatory and exemplary damages, as well as a request for attorneys' fees and cost of suit.

## LEGAL ARGUMENT

### The Allegations of Events Before January 8, 2019 Should be Stricken

The Complaint in this action was filed in January, 2021. The general statute of limitations on claims under 42 U.S.C section 1983 is two years. *Maldonado v. Harris* (9th Cir. 2014) 370 F.3d 954-955. Any allegations concerning events predating this anniversary are too old to be the basis of a cause of action in this litigation, and therefore should be stricken. These include the allegations in paragraphs ¶17 (from 2014), ¶18 (from 2006), and ¶19 (from 2017).

Furthermore, these allegations have no logical relationship to any of the claims by the Plaintiffs. None of the allegations involve the named Defendant, Mr. Dell'Osso, and have no relationship to the claims about Alderman speaking for an absent Barich at a City Council meeting. Paragraph 17 involved a purported act by the City's Chief of Police towards Barich, and an alleged comment by a trial court judge in a case which settled (and thus rendered no actual judgment or finding of fact.) (¶17.) Another involved a verbal dispute between private citizens, in 2006, including Plaintiff Barich. (¶18.) The "then-Mayor" purportedly told these private citizens fighting with each other at a Council meeting to "knock it off or take it outside." *Ibid.*

The third allegation asserts some public comment by City Council members during a public meeting in 2017. (¶19.) Such comments by Council members are themselves protected First Amendment speech upon which these Plaintiffs could not assert a claim. See *Mulligan v. Nichols* (9th Cir. 2016) 835 F.3d 983, 989. In any event, there is no allegation of any violation of Barich's civil rights during that event.

Taken together, Plaintiffs have alleged three stale and entirely unrelated events which further none of the claims in this action, and are clearly asserted for the improper purpose of attempting to disparage the City and others. Because these allegations do not relate to the

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR                    Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

operative issues of the Complaint, they should be stricken.

**The Claims for Violation of the First Amendment Should be Dismissed or Clarified**

The First Amendment claims are brought solely by Plaintiff Alderman, and appear in the second claim (for a January 8, 2019 incident) and the third claim (for a January 22, 2019 incident). Both claims are based upon the notion that Alderman was not allowed to speak "on behalf of Barich." The Complaint studiously avoids alleging that Alderman was not allowed to speak at all, but only asserts that her attempt to speak "as a representative" was not allowed. The Court is asked to take judicial notice of the fact that Ms. Alderman was, in fact, allowed to speak, but chose to speak on some other topic. Req. Jud. Notice of the minutes and video of the January 8 and 22 meetings. She sought to speak separately and additionally on behalf of Barich. *Ibid*. As shown in the video of the January 22 meeting, she submitted a speaker card for Mr. Barich, purported to have power of attorney to speak for Mr. Barich, and attempted to speak in Mr. Barich's place. *Ibid.* The Mayor asked the City Attorney for advice and she said such procedure was not allowed by the City Council rules, so the Mayor did not allow it. *Ibid.* The Court is asked to take judicial notice of the fact that the City of Cotati Council has enacted rules calling for individuals to make a single presentation, and disallowing attempts of people to "yield" their time to each other. Req. Jud. Notice of City Council Rules.

It should first be observed that there is no constitutional right for the public to present anything to a City Council. *Minnesota State Org. for Community Colleges v. Knight* (1984) 465 U.S. 271, 283 ("the constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy.") Where public comment is allowed, the City Council meeting is generally characterized as a "limited public forum" as opposed to a "public forum." *Ribakoff v. Long Beach* (2018) 27 Cal.App.5th 150, 173 (collecting federal cases on the limited public forum issue). As a limited public forum, City Council meetings are open to the public only for the limited purposes set forth by the Council for conducting municipal business, and can be subject to reasonable time, place, and manner restrictions, and even limits on the

1   content of speech to the matters set forth on the agenda. *Id.* at 175.

2        The *Ribakoff* decision specifically dealt with a challenge to a limit of three minutes per

3   speaker at a Council meeting. *Id.* at 171. The Court held that the state law controlling such

4   proceedings specifically allowed for time limits and other restrictions upon public speakers.

5        Civil rights are personal, and people cannot assert rights on behalf of others. See *United*

6   *States v. Ward* (9th Cir. 1992) 989 F.2d 1015, 1020 ("[Plaintiff] has no standing to assert First or

7   Fifth Amendment rights of others.") Thus, Alderman does not, and cannot, assert any right on

8   behalf of Mr. Barich, but is solely asserting her purported right to speak beyond time, place, and

9   manner restrictions based solely upon the fact that she wishes to make the additional speech on

10  behalf of a third-party. There is no recognized constitutional right to violate legitimate time,

11  place, and manner restrictions by claiming to be acting vicariously.

12            **The Claims for Violation of Equal Protection Should be Dismissed or Clarified**

13       Based upon these two same incidents, on January 8 and 22, 2019, both Barich (Count I) and

14  Alderman (Count IV) claim violation of Equal Protection rights.

15       Barich asserts that the class in question is "individuals desiring to speak at City Council

16  meetings but who are unable to attend can seek to have their statements read into the record by a

17  third-party." (¶38.) Alderman claims that the category is "individuals desiring to speak at City

18  Council meetings to orally present a written statement by someone who is unable to attend."

19  (¶55.)

20       With respect to Barich, there is no allegation that he would not have been allowed to speak

21  had he chosen to come to the City Council meeting. Barich is not claiming that he was not

22  allowed to speak: rather, Barich is solely claiming that he was not allowed to force the City

23  Council to have to listen to a third-party read a written statement by him at a City Council

24  meeting. The City Council rules provide, among other time, place, and manner restrictions, that

25  individuals wishing to present written statements may submit the statements, which will be

26  delivered to the clerk. Req. Jud. Notice and City Council Rules. (Rule IV(A)(5).) The rules

27

28

further provide that, while the written communications will become part of the record, "they will not be read into the record at the City Council meeting." *Id.* at IV(A)(5). This is an entirely reasonable time, place, and manner restriction, particularly given that the Council meeting is at most a limited public forum. Note that the Complaint acknowledges that the statement was accepted for inclusion in the record. (¶22.)

In essence, Barich is not complaining that he was prohibited from presenting his views to the City Council. Rather, Barich is claiming that he was not allowed to present it in exactly the form he preferred. This is not a legitimate Equal Protection claim, as Barich has no inherent right to force the City Council to accept both a written statement and a verbal recitation of that written statement. Furthermore, the characterization of the class is, at best, misleading. Barich claims that there is no rational basis for letting other people "read statements," ignoring the fact that Ms. Alderman used her opportunity to speak to the Council on her own behalf. Barich does not allege that other people were allowed to speak on multiple occasions when they were purporting to do so on behalf of absent third parties.

With respect to Ms. Alderman, the issues are similar. She claims that she was not allowed to present a written statement. In fact, she was allowed to speak to the City Council and simply chose to address some other subject. See Req. Jud. Notice. What she is actually claiming, although by evasively failing to allege relevant facts, is that she was not allowed to violate reasonable time, place, and manner restrictions, by making multiple appearances at the Council meeting, because she was "appearing on behalf of" herself on one occasion and some other person on another occasion. Again, there is no Constitutional right to make an additional appearance on a vicarious basis, and the time, place, and manner restrictions on speech at the limited public forum of the City Council meeting constitute a rational basis for limiting Ms. Alderman's presentation. She does not allege that others were allowed to speak multiple times if they claimed that they were speaking for other people.

///

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR
MORE DEFINITE STATEMENT OF COMPLAINT

Case No. 21-cv-00034-EMC

### The *Monell* Cause of Action Should be Dismissed or Clarified

The Supreme Court has required that all Complaints contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 570. The Court has also held that "bare assertions" that "amount to nothing more than a formulaic recitation of the elements of a [claim]" are not entitled to "presumption of truth," and that a District Court, after disregarding "bare assertions" and conclusions, must "consider the factual allegations in [a] Complaint to determine if they plausibly suggest an entitlement to relief" as opposed to a claim that is merely "conceivable." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679-80.

> First, to be entitled to the presumption of truth, allegations in a Complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216. These pleading requirements apply to an allegation of policy or custom for a *Monell* type claim. *Hernandez v. Tulare* (9th Cir 2012) 666 F.3d 631, 637.

The *Monell* claim simply fails to meet the pleading requirements in exactly the ways the Court sought to prohibit in the *Twombly* and *Iqbal* decisions. Plaintiffs offer only threadbare allegations of unspecified "policies and procedures," without any factual allegations of their contents or origins. Moreover, the Complaint has not alleged a valid underlying constitutional violation. The *Monell* claim should be dismissed, stricken or clarified.

In this case, the Complaint alleges that Dell'Osso is the final policy maker, but is evasive about the policy other than the claim that Dell'Osso would not permit Alderman to contravene restriction on Alderman's attempt to speak twice at two meetings. As there is no legitimate foundational basis for the underlying constitutional claims, there could be no *Monell* claim.

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR       Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

**The Claims for Violation Under the Americans with Disabilities Act Should be Dismissed or Clarified**

This claim is brought solely by Plaintiff Barich, for a single incident occurring on March 27, 2019. (¶77.) The Complaint alleges that City hearing-assist devices failed to operate properly, and the City refused to cancel or move the meeting. *Id.* at 77-78. Plaintiff also alleges that he was offered the opportunity to raise his hand should he actually experience difficulty hearing, but that he unilaterally rejected this offer and chose to leave the meeting. (¶¶33-34.)

It is first worth noting that the City had attempted to accommodate Mr. Barich, but there was an equipment failure. Plaintiff Barich insisted that the only allowable recourse would be to move or completely cancel the meeting. However, the location, time, and date of meetings are required, under state law, to be specified in advance of the meeting under the Brown Act. See Gov't. Code §54954; §54954.2(a)(1). Thus, the City is not allowed to simply move a meeting from place to place, or arbitrarily change the time or date of a meeting.

More importantly, the allegations of the Complaint appear to be asserting that the Plaintiff is entitled to unilaterally declare the only allowable accommodations. In fact, Barich acknowledges that the City offered an alternative of having Mr. Barich simply raise his hand if he was having difficulty hearing anything so that further efforts could be made to ensure that Mr. Barich heard the proceedings. Mr. Barich refused to even attempt this accommodation, and unilaterally chose to disable himself from participating in the proceedings by choosing to leave them.

Furthermore, the Complaint identifies a single, isolated incident with respect to the alleged hearing impairment. The ADA ordinarily only allows for injunctive relief, and a single event in the absence of evidence that it would reoccur negates a request for injunctive relief. See *Midgett v. Tri-County Metropolitan Transit District* (9th Cir. 2001) 254 F.3d 846, 850. The *Midgett* decision involved a wheelchair-bound bus passenger who complained of occasional failure of the bus lift system and occasional improper driver actions. The Court indicated that an ADA claim

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR                    Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

could not be sustained for injunctive relief because it failed to establish the likelihood of reoccurrence.

> [T]hese occasional problems do not, without more, establish a violation of the ADA. At most, the evidence shows past violations of the ADA. It does not, however, support an inference that Plaintiff faces a real and immediate threat of *continued future* violations of the ADA in the absence of injunctive relief.

*Id.* at 850, emphasis in original.

To claim more than injunctive relief, a claimant would need to establish "discriminatory intent" under Title II. *Updike v. Multnomah County* (9th Cir. 2017) 870 F.3d 939, 950. Intentional discrimination requires proof that the defendant acted with "deliberate indifference," which requires both that knowledge of harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. *Id*. at 950-951. In the *Updike* matter, a hearing-impaired criminal defendant did not have a sign language interpreter at the Court because of a miscommunication with jail staff. The Court held that no claim for compensatory damages could be made. Here, Barich alleges that hearing-assist devices malfunctioned, and that the City would not violate the Brown Act by moving the meeting to another location or indiscriminately rescheduling the agenized and noticed meeting. The City offered a reasonable accommodation of having Mr. Barich actually attend the meeting and determine whether, in fact, he was unable to hear the proceedings, and signal if there was actually a problem. Mr. Barich chose to refuse to even attempt this process, and voluntarily chose to abandon the meeting. Under these facts, no claim beyond injunctive relief could be sought even if there were a proper claim.

### The Claims Against Defendant Dell'Osso Should be Dismissed on the Basis of Qualified Immunity

Defendant Dell'Osso is entitled to qualified immunity from Plaintiffs' claims because his alleged actions do not violate clearly established rights. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly* (2017) 137 S.Ct. 548, 551 [internal

14

1  quotations omitted]. The first step in a qualified immunity analysis is to determine whether there

2  has been a violation of a constitutional right. *Pearson v. Callahan* (2009) 555 U.S. 223, 232. In

3  this case, as discussed above, there was no violation of any of Plaintiffs' rights, and by itself that

4  is a reason to dismiss these claims.

5      However, even if the Court were to conclude that some right was allegedly violated, the

6  next step in the qualified immunity analysis calls upon the Court to determine whether "the right

7  at issue was clearly established at the time of Defendant's alleged misconduct." *Ibid.*

8      In this case, Dell'Osso, on the advice of the City Attorney, enforced reasonable time, place,

9  and manner restrictions by disallowing Alderman from making an additional presentation,

10  purportedly on behalf of an absent third-party. The City procedures were followed in that the

11  written submission was accepted, but Ms. Alderman was not allowed to appear for an additional,

12  separate presentation, which would also violate the provision that written submissions are not

13  read into the record. There is no clearly established right to overcome time, place, and manner

14  restrictions by asserting vicarious speech, nor clearly established rights to force written statements

15  to be read aloud at a City Council meeting. Plaintiffs have not alleged facts showing the violation

16  of any right, let alone a clearly established right, and therefore Mr. Dell'Osso is entitled to

17  qualified immunity.

18              **The Claim for Exemplary Damages Should be Dismissed or Clarified**

19      The Complaint requests an award of exemplary damages in the prayer, but does not

20  otherwise specifically address this request for punitive damages. It is appropriate to dismiss

21  claims for punitive damages where the Complaint fails to establish entitlement to recovery of

22  such damages. See *Opperwall v. State Farm Fire and Casualty Company* (N.D. Cal. 2018) 2018

23  WL 1243085, *5.

24      Initially, a claim for punitive damages cannot be asserted against a public entity. See e.g.,

25  *City of Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247, 271, ("[A] municipality is immune

26  from punitive damages under 42 U.S.C. §1983."); *Barnes v. Gorman* (2002) 536 U.S. 181, 190,

27

28

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR          Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT

1  (punitive damages not allowed under the ADA); and see Government Code §818. Thus, no

2  exemplary damages can be asserted against Defendant Cotati.

3       With respect to Defendant Dell'Osso, the claims are solely based upon First Amendment

4  and Equal Protection arguments relating to the January 8 and January 22 City Council meetings.

5  "Punitive damages may be assessed in §1983 actions 'when Defendant's conduct is shown to be

6  motivated by evil motive or intent, or when it involves reckless or callous indifference to the

7  federally protected rights of others.'" *Castro v. City. of Los Angeles* (9th Cir. 2015) 797 F.3d 654,

8  669 (quoting *Smith v. Wade* (1983) 461 U.S. 30, 56). Here, Plaintiffs have merely alleged that

9  Dell'Osso would not allow Alderman to speak an additional time merely by asserting a vicarious

10  representation of an absent person. Nothing in the Complaint demonstrates evil motive or intent

11  or callous indifference to rights. At most, the Complaint alleges that Ms. Alderman made her

12  choice in what she chose to present to the City Council, and was not allowed to flout the

13  restriction on presenting written statements by making an additional appearance before the

14  Council to read a written statement by a third-party. The allegations of the Complaint simply will

15  not support a claim for exemplary damages.

16            **The Requests for Injunctive Relief Should be Dismissed or Clarified**

17       As noted above, for the ADA claim, Plaintiffs have failed to allege a threat of reoccurrence

18  of an isolated incident. Similarly, for First Amendment and Equal Protection claims, Plaintiffs

19  allege two incidents from two years ago, and allege no facts establishing a risk of reoccurrence.

20  Therefore, Plaintiffs lack standing to seek injunctive relief. See *Diamond v. Corazon* (N.D.

21  CA.2016) 2016 WL7034036, 4.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

16

1

**Conclusion**

2      For the reasons set forth above, this motion should be granted. All of the claims should be

3  dismissed, or at a minimum, clarified. The irrelevant allegations, requests for injunctive relief,

4  and prayer for exemplary damages should be stricken.

5

6

7  Dated: February 12, 2021

GIBBONS & CONLEY

8

9                    By: */s/ Peter Urhausen*
                         PETER URHAUSEN, ESQ.
10                       Attorney for Defendant, CITY OF COTATI and
                         JOHN A. DELL'OSSO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND FOR              Case No. 21-cv-00034-EMC
MORE DEFINITE STATEMENT OF COMPLAINT