UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BARICH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COTATI, et al.,<br><br>Defendants. | Case No. 21-cv-00034-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 9 |

    Defendants the City of Cotati ("City") and John A. Dell'Osso, the Mayor of the City during the time in question, moved to dismiss Plaintiffs George E. Barich and Laurie Alderman's complaint. *See* Docket No. 9 ("Mot."). The Court held a hearing on the motion on March 25, 2021. This order memorializes the Court's oral rulings and provides additional analysis, as necessary. For the reasons stated on the record and supplemented herein, the motion is **GRANTED**.

## I.    DISCUSSION

A.    <u>First Amendment and Equal Protection Claims</u>

    In this case, Plaintiffs challenge Mayor Dell'Osso's decision not to allow Ms. Alderman to read a written statement from Mr. Barich into the record during the public comment period at two City Council meetings in 2019. Plaintiffs assert First Amendment and equal protection claims. Compl. ¶ 20–25. Plaintiffs allege Mayor Dell'Osso's decision was "based solely on the content, and the source, of the testimony" and done "with the specific intent to deprive Alderman of her constitutional rights." *Id.* ¶¶ 45, 57. In support of their claims, Plaintiffs allege that they were "intentionally treated differently from others similarly situated who were permitted to have their

statements read into the record." *Id.* ¶¶ 40, 46, 50, 51.

The "[courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In the complaint, Plaintiffs do not allege any specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting.  The assertion that this was done "routinely" is conclusory.  *See* Compl. ¶ 14.  Absent non-conclusory allegations of such disparate treatment, Plaintiffs fail to state claim for First Amendment viewpoint discrimination or equal protection disparate treatment.

B.  *Monell* Claim

Because Plaintiffs failed to plead a plausible constitutional violation their claim that the City had an unconstitutional policy, custom, or practice in violation of 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), (the "*Monell* Claim") also fails.  *See Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997) (listing deprivation of a constitutional right as an element of § 1983 municipal liability).  Moreover, Plaintiffs fail to allege in non-conclusory terms that the City had a policy or custom of violating individual's First Amendment and equal protection rights.  Nor have Plaintiffs allege facts establishing Mayor Dell'Osso is the final policymaker for the City.  *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (dismissing "*Monell* and supervisory liability claims [that] lack[ed] any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*" (quoting *Twombly*, 550 U.S. at 555)).

C.  Qualified Immunity

The Court does not reach the merits of the Defendants' qualified immunity defense.  The Court notes, however, that qualified immunity is not ordinarily available when the plaintiffs allege a claim which requires intentional discrimination which, if proven, would clearly constitute a constitutional violation.  *See Metro Display Advert., Inc. v. City of Victorville*, 143 F.3d 1191, 1195–96 (9th Cir. 1998) (holding that no qualified immunity applies because the impermissibility of intentional viewpoint discrimination is "a self-evident or universally recognized truth"); *Flores*

*v. Pierce*, 617 F.2d 1386, 1392 (9th Cir. 1980) ("The constitutional right to be free from such invidious discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it").  Here, Plaintiffs have alleged intentional discrimination.  *See* Compl.  ¶¶ 46, 51, 57, 71.  Therefore, a qualified immunity defense to such a claim, if sufficiently alleged, would not be available to Defendants.

If Plaintiffs brought a claim that did not include intentional discrimination, however, such as a challenge to the reasonableness of the City's Council's time, place, and manner restrictions on speech, then Mayor Dell'Osso might be entitled to qualified immunity if a reasonable person in his position would not have known that enforcing the rules to prevent Ms. Alderman from reading Mr. Barich's letter violated a clearly established constitutional right.  *See Norse v. City of Santa Cruz*, 629 F.3d 966, 974 (9th Cir. 2010).

D.  ADA Claim

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Plaintiffs must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [City's] actions, and that the injury can be redressed by a favorable decision."  *Id*.  Here, Plaintiffs have failed to state a redressable claim under the ADA.

Plaintiffs seek punitive damages, injunctive relief, and compensatory damages.  Compl., (Prayer for Relief) ¶ 2.  Punitive damages are not available under Title II of the ADA.  *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding punitive damages may not be awarded in suits brought under Title II of the ADA).

"[T]o establish standing to pursue injunctive relief . . . [plaintiffs] must demonstrate a 'real and immediate threat of repeated injury' in the future."  *Chapman*, 631 F.3d at 946 (quoting *Fortyune v. Am. Multi-Cinema*, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).  Here, Plaintiffs have not alleged the threat of any imminent future harm.  Plaintiffs' ADA claim is predicated on the isolated failure of hearing-assist devices during a single City Council meeting.  Compl. ¶ 26–35.

A single failure without more does not support an inference that Plaintiff faces a real and immediate threat of repeat injury in the future. *See Midgett v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 254 F.3d 846, 850 (9th Cir. 2001) ("[O]ccasional problems do not, without more, establish a violation of the ADA. At most, the evidence shows past violations of the ADA. It does not, however, support an inference that Plaintiff faces a real and immediate threat of continued, future violations of the ADA in the absence of injunctive relief.").

To state a claim for compensatory damages under the ADA, Plaintiffs must allege the City acted with "deliberate indifference." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Although the complaint alleges in conclusory fashion that "the City willfully disregarded Barich's disability, intentionally violating Title II of the ADA," (Compl. ¶ 79), Plaintiffs have failed to plead any facts in support of these legal conclusions. Here, the failure of hearing aid devices given to Mr. Barich does not appear to have been an intentional act designed to exclude him from participating. The complaint fails to state a claim of deliberate indifference.

Because the complaint does not state a redressable claim under the ADA, Plaintiffs have not established Article III standing.

## II.     CONCLUSION

For the foregoing reasons, the City's motion to dismiss is **GRANTED** with leave to amend within thirty (30) days from the date of the Court's ruling at the hearing.

This order disposes of Docket No. 9.

**IT IS SO ORDERED**.

Dated: March 30, 2021

_____
EDWARD M. CHEN
United States District Judge