CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, CA 95404-4421
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiffs GEORGE E. BARICH
and LAURIE ALDERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE E. BARICH and LAURIE ALDERMAN**.<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF COTATI** and **JOHN A. DELL'OSSO**,<br><br>Defendants. | Case 3:21-cv-00034-EMC<br><br>**OPPOSITION TO MOTION TO DISMISS, STRIKE, AND FOR A MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT**<br><br>Date: July 15, 2021<br>Time: 1:30 pm<br>Location: Courtroom 5/Zoom<br>Judge: Hon. Edward M. Chen<br><br>Complaint filed: January 5, 2021<br>Trial date: Not set |

## INTRODUCTION

Defendants City of Cotati ("the City") and John A. Dell'Osso ("Dell'Osso") (collectively, "Defendants") move to dismiss, strike and for a more definite statement on the same bases as their first motion, essentially disregarding the factual impact and legal ramifications of the robust and detailed allegations Plaintiffs have added to the First Amended Complaint ("FAC").

Defendants' motion to strike, dismiss, and for a more definite statement should be denied. Leave to amend should be granted if the motion is granted.

1
OPPOSITION TO MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT

**ARGUMENT**

**1.      Defendants' Motion to Strike should be denied.**

Defendants seek to strike allegations of events before January 8, 2019 on the grounds that they are barred by the statute of limitations and have "no logical relationship" to Barich's claims. Defendants are wrong on both counts. First, Barich is not seeking damages for the prior unconstitutional conduct by the City and the allegations do not form the legal basis for such a claim. The allegations of the City's past mistreatment of Barich and retaliation toward him are not alleged as separate claims against the City, as the City well knows. As such, the statute of limitations is not a basis for striking the allegations.

Next, having "no logical relationship" is not the standard for a motion to strike. Under FRCP 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed negatively because of the limited import of the pleadings under the Federal Rules, and "should not be granted unless it is clear that the matter to be stricken could have *no possible bearing on the subject matter* of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (emphasis added). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003).

Defendants have not shown that the allegations are redundant, immaterial, impertinent, or scandalous, and they certainly do not show that the matters to be stricken *could have no possible bearing on the subject matter of the litigation.* Rather, they provide historical context for the City's conduct on the dates in question, including discriminatory intent. Barich's equal protection claim requires a showing that he was intentionally treated differently from others. Allegations related to prior incidents when he was treated differently from others and when his civil rights were violated by the City

are probative on the issue of intent. Alderman's claim for First Amendment violations involves a showing of an official policy or custom to violate First Amendment rights as well as willfulness. Allegations related to prior instances of First Amendment violations by the City are probative on this issue. The *Monell* claim likewise involves a showing of conduct carried out under custom and policies of the City, so instances of past violations are likewise probative of these custom and policies.

The Court should deny Defendants' motion to strike allegations of events that occurred before January 8, 2019.

**2. The claims for violation of the First Amendment should not be dismissed and do not require clarification.**

Defendants persist in arguing that Plaintiffs "studiously avoid" alleging that Alderman was not allowed to speak at all. Alderman did not studiously avoid this allegation; she did not assert it because it is not the basis for her First Amendment claim. If anything, Defendants "studiously avoid" confronting the real basis for her claim: that the City put an unconstitutional content-based restriction on her speech by not allowing her to speak on behalf of Barich.

In avoiding the actual factual basis for Alderman's claim, the City can then make the same argument it made in its First Motion to Dismiss, that the City was allowed to follow its City Council Rule that no one is allowed to yield their time to another person. The City, once again, argues that there is no constitutional right to be heard by a public body, and that it is a limited public forum subject to reasonable time, place, and manner restrictions, citing *Ribakoff v. City of Long Beach* (2018) 27 Cal.App.4th 150. However, as Plaintiffs pointed out on the first motion to dismiss, *Ribakoff* was decided after a bench trial, not at the pleading stage. The *Ribakoff* court upheld the statute at issue because no evidence was presented at trial that the restriction on the plaintiff's speech was content-based. Here, Alderman has alleged that the restriction on her speech was content-based, and a motion to dismiss is not the proper procedure to decide this factual issue.

Defendants also again argue that civil rights are personal and Alderman cannot assert the rights of Barich. This argument misconstrues the allegations in the FAC; Alderman does not assert the constitutional rights of Barich. She alleges that her own speech was unlawfully restricted and censored. Furthermore, Defendants cannot simply pronounce that Rule IV(A)(3) is a "reasonable time, place and manner restriction." These are factual issues to be decided at the appropriate stage of these proceedings.

It is clear from this Court's ruling on the first motion to dismiss that the Court was not persuaded by either of these arguments. Rather, the Court merely ruled that Plaintiffs "do not allege any specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting." [ECF No. 34 at 2:4-9]

In compliance with the Court's specific direction, Plaintiffs added extensive factual detail in Paragraph 19 of the FAC. As the Court requested, Plaintiffs identify 13 instances when the City allowed a similarly situated individual to read a statement of another individual into the record. Not surprisingly, Defendants' second motion to dismiss does not mention Plaintiffs' detailed response to this Court's specific request.

**3.    The claims for violation of Equal Protection should not be dismissed and do not require clarification.**

As on their first motion to dismiss, Defendants cite no legal authority in challenging Plaintiffs' Equal Protection claims. Unlike their First Amendment challenge, Defendants at least acknowledge the robust allegations in paragraph 19 of the FAC. Again without citing any legal authority, Defendants boldly conclude that paragraph 19 "does not satisfy the pleading obligations to establish existence of the purported class." Notably, Defendants do not identify that standard or cite any support for it.

Defendants go entirely outside the face of the pleading by arguing that paragraph 19 "primarily" references people appearing for corporate entities. And, of course, Defendants offer no support for this factual statement which is beyond the face of the

FAC. Defendants then nitpick the allegations in paragraph 19, essentially arguing the Plaintiffs failed to plead additional facts to support their facts. This is not the pleading standard in federal court. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam). Plaintiffs' facts must be accepted as true when they are not conclusory. Although Defendants might prefer more factual detail, it is not required where the FAC contains sufficient factual matter, *accepted as true*, to state a claim for relief that is plausible on its face.

    Defendants next make a speculative argument challenging a claim that is not found in the FAC. Defendants argue that there is no allegation that Barich would not have been allowed to speak had he chosen to come to the City Council meeting. This is true. Barich's claim is not based on the speculation of what would have occurred had he attended the meeting. And, to be sure, Defendants would have challenged the claim as speculative had Barich alleged it. Defendants also repeat their conclusion, without citation to any legal authority, that the City Council Rules are apparently automatically and indisputably lawful "time, place and manner restrictions." Just as they did in their first motion to dismiss, Defendants make no effort to show that the City Council Rules constitute reasonable time, place, and manner restrictions. As Plaintiffs argued in opposition to the first motion, such a determination requires a factual analysis far beyond the scope of a motion to dismiss. Reasonable time, place, and manner regulations of protected speech are valid if (1) they are justified without reference to the content of the regulated speech; (2) they are narrowly tailored to serve a significant or substantial government interest; and (3) they leave open ample alternative channels of communication. *Mitchell v. Commission on Adult Entertainment Establishments*, 10 F.3d 123, 130 (3d Cir. 1993).

The Court apparently was not persuaded by these arguments on the first motion to dismiss: its ruling simply required Plaintiffs to allege any specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting. The FAC adds these specific factual allegations at paragraph 19.

4. **The *Monell* claim should not be dismissed and does not require clarification.**

The Court ruled that Plaintiffs failed to plead a plausible constitutional violation in their claim that the City had an unconstitutional policy, custom, or practice in violation of 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). It further ruled that Plaintiffs failed to allege in non-conclusory terms that the City had a policy or custom of violating individuals' First Amendment and equal protection rights and that Plaintiffs did not allege facts establishing Mayor Dell'Osso is the final policymaker for the City.

The FAC includes additional factual allegations addressing these deficiencies. The additional allegations at paragraphs 21-25 show the City's ongoing, years' long, history of violating Plaintiffs' rights under the First Amendment, Equal Protection Clause and Plaintiff Barich's rights under the ADA. "[A] custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011). A court must consider the duration, frequency, and consistency of the conduct challenged, as "[l]iability for improper custom may not be predicated on isolated or sporadic incidents." *Trevino v. Gates* 99 F.3d 911, 918 (9th Cir. 1996). At bottom, courts must assess whether the conduct challenged was "so persistent and widespread" that it "practically [had] the force of law" or had "become a traditional method of carrying out policy." *Id*.; *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Defendants do not even address these new allegations, let alone show that a reasonable

inference cannot be drawn from the new allegations as to the City's custom and practice. They simply repeat their arguments from their first motion to dismiss verbatim.

Paragraph 82 specifically alleges that Dell'Osso is the final policy maker at the City and had final policymaking authority. Whether a particular official has final policy making authority is a question of state law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). In California, a city's charter controls on municipal issues. *City and County of San Francisco v. Patterson*, 202 Cal.App.3d 95, 102 (1988). The City of Cotati's City Council Rules, at Section II.C.1, provide that the mayor has authority and discretion to preserve order at all Council meetings and sets out his full array of authority at City Council meetings. Request for Judicial Notice, served and filed herwith, at Exhibit A.

**5.    The claim for violation of the ADA should not be dismissed and does not require clarification.**

The Court ruled that Barich failed to state a claim under the ADA because, since his claim was predicated on the isolated failure of hearing-assist devices during a single City Council meeting, he did not allege the threat of imminent future harm. The Court further ruled that Plaintiff did not allege facts showing deliberate indifference because the failure of the hearing aid devices did not appear to be an intentional act designed to exclude him from participating.

The FAC alleges additional facts demonstrating that the violation complained of was not an isolated incident. Paragraph 21 alleges that Barich's complaints go back over ten years. Barich alleges that the hearing-assist devices in the community room of the Cotati police station in general do not work because of the lack of a public address system. The FAC alleges that Barich has complained about the sound amplification in the community room many times in the past but the City has failed to rectify the situation. These facts show deliberate indifference.

In addition, Barich has now had an expert inspect the community room and the hearing-assist device now used by the City. He has opined that the device used by the

City is not appropriate and will never provide an adequate solution in a typical meeting environment where the listener is not in the immediate vicinity of the person speaking. Decl. of Robert B. Skye, served and filed herewith, Exhibit B.

**6.     The prayer for exemplary damages should not be dismissed and does not require clarification.**

Defendants once again argue that the "claim" for punitive damages should be dismissed because the FAC only includes a request for exemplary damages in the prayer but does not otherwise specifically address the request for punitive damages. There is no "claim" for punitive damages alleged in the FAC—Plaintiffs request punitive damages as an item of damages. A complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law. See, e.g., *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 U.S. Dist. LEXIS 11741, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007); *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG (BGS), 2013 U.S. Dist. LEXIS 85633, 2013 WL 3149483 at *4 (S.D. Cal. June 13, 2013) ("Because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)."); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigs.*, 517 F.Supp.2d 662, 666 (S.D.N.Y. 2007) ("Punitive damages are not a claim and thus [motion to dismiss] is an ill-sited procedural vehicle.") Thus, Defendants' motion to dismiss is procedurally improper.

As Defendants concede in their argument regarding Dell'Osso, a "jury may award punitive damages under Section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a *reckless or callous indifference* to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (quoting *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993)). The FAC alleges "deliberate indifference," which is even more egregious than "reckless or callous indifference."

Lastly, as Plaintiffs pointed out in their first opposition, Government Code § 818 only prohibits the imposition of punitive damages against school districts sued under state law applying Civil Code section 3294. The exemption does not apply to federal civil rights claims. *Cartwright v. Regents of the Univ. of Cal.*, 2009 U.S. Dist. LEXIS 62953 (E.D. Cal. July 21, 2009). It is well-settled that punitive damages are available in some actions under the federal civil rights statutes. *See Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1980) (punitive damages available in § 1981 suits); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267–268, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (punitive damages allowed in § 1983 actions); *Irizarry v. Quiros*, 722 F.2d 869, 872 (1st Cir. 1983) (§ 1985 claim may support punitive damages). Furthermore, with regard to § 1983 suits, the Supreme Court has determined that ordinary tort law principles of punitive damages apply "with such modification or adaptation as might be necessary to carry out the purpose and policy of the statute." *Smith v. Wade*, 461 U.S. 30, 34, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983) (citation omitted).

Defendants' renewed improper and unmeritorious motion to dismiss the punitive damages request should be denied.

**7.   The requests for injunctive relief should not be dismissed and do not require clarification.**

Defendants continue to argue that, despite the additional allegations in paragraphs 21-25, no facts are alleged showing a risk of reoccurrence. The new allegations in paragraph 21 show a risk of reoccurrence based on the past complaints regarding accommodating Barich's disability, which the City failed to address or rectify. Paragraphs 22-25 show a risk of Equal Protection and First Amendment violations based on the City's historical treatment of Plaintiffs. Defendants do not address these allegations.

Defendants again cite only *Diamond v. Corazon* [sic] (N.D. Cal. 2016) WL7034036, which is entirely distinguishable. In *Diamond v. Corizon Health, Inc.*, the plaintiffs were the surviving family of an individual who died after allegedly not

receiving proper medical attention at the Santa Rita Jail. The defendant argued that the plaintiffs lacked standing on the grounds that *the decedent was no longer living*. Specifically, the district court held, "[b]ecause the injury was perpetrated on the decedent, there is no risk of future harm." *Diamond, supra*, at *13–14. Of course, Barich and Alderman are very much alive and bring this action for injury to themselves personally, not to a third party.

The motion to dismiss or clarify the claim for injunctive relief should be denied.

**8.     Leave to amend should be granted.**

To the extent this Court agrees with any of Defendants' arguments, leave to amend should be granted, since it is freely given where justice so requires. Fed. R. Civ. P. 15(a); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Defendants do not argue that any amended pleading would be futile or subject to dismissal. In fact, Defendants seek clarification in the alternative to each request for dismissal which, on its face, impliedly concedes that amendment would *not* be futile.

**CONCLUSION**

Plaintiffs George E. Barich and Laurie Alderman respectfully request that the Court deny Defendants' Motion to Strike, Dismiss or Clarify the First Amended Complaint.

Dated: May 28, 2021                           **Law Offices of Carleton L. Briggs**

/s/ Carleton L. Briggs
CARLETON L. BRIGGS

Attorneys for Plaintiffs GEORGE E. BARICH and LAURIE ALDERMAN