Peter Urhausen, Esq. SBN 160392
Sean Conley. Esq. SBN 130814
GIBBONS & CONLEY
3480 Buskirk Ave., Suite 200
Pleasant Hill, CA 94523
T: 925.932.3600
F: 925.932.1623

Attorney for Defendants CITY OF COTATI and JOHN A. DELL'OSSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. BARICH and LAURIE ALDERMAN,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF COTATI and JOHN A. DELL'OSSO,<br><br>        Defendants. | Case No. 21-cv-00034-EMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT**<br><br>Date:     July 15, 2021<br>Time:    1:30 p.m.<br>Location: Courtroom 5/Zoom |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. ONCE AGAIN, WE REITERATE WHY PARAGRAPH 19 OF THE FAC
DOES NOT SAVE PLAINTIFFS' CLAIMS ..................................................... 1

III. FURTHER EXPLANATION WHY THE CLAIMS FOR VIOLATION OF
FIRST AMENDMENT FAIL ........................................................................... 3

IV. FURTHER EXPLANATION WHY THE EQUAL PROTECTION CLAIMS
FAIL .................................................................................................................. 4

V. FURTHER EXPLANATION WHY THE *MONELL* CLAIM FAILS ............. 5

VI. BARICH'S ADA CLAIM FAILS .................................................................... 6

VII. DEFENDANTS' MOTION TO STRIKE SHOULD BE GRANTED ............... 7

VIII. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS NOT PROPER ... 8

IX. THE REQUESTS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED ... 8

X. THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE
TO AMEND ...................................................................................................... 9

XI. CONCLUSION ............................................................................................... 10

i

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE,     Case No. 21-cv-00034-EMC
AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED
COMPLAINT

# TABLE OF AUTHORITIES

**CASES:**

*Barnes v. Gorman*
536 U.S. 181 (2002) ........................................................................................................ 8

*City of Newport v. Fact Concerts, Inc.*
453 U.S. 247 (1981) ........................................................................................................ 8

*Opperwall v. State Farm Fire and Casualty Company*
2018 WL 1243085 *5 (N.D. Cal. 2018) ........................................................................... 8

**CODES/STATUTES:**

Government Code section 818 ......................................................................................... 8

# I.

# INTRODUCTION

Plaintiffs' opposition is as conclusory as their original and amended complaints. Plaintiffs complain that Defendants' motion is largely the same as its original motion. However, the original motion was granted, and Plaintiffs have done little to amend their complaint to address the issues raised in Defendants' original successful motion. The principal issue in this matter is whether the conclusory allegations of paragraph 19 cure Plaintiffs' original defective complaint. They do not.

# II.

# ONCE AGAIN, WE REITERATE WHY PARAGRAPH 19 OF THE FAC DOES NOT SAVE PLAINTIFFS' CLAIMS

Paragraph 19 was Plaintiffs' attempt to address the primary concerns of this Court when the Court granted the City's first motion to dismiss. The very first argument in the Defendants' current motion directly discusses the failure of the 13 newly alleged "examples" in paragraph 19 of the FAC, to save Plaintiffs' First Amendment and Equal Protection claims. (See Motion to Dismiss FAC at 2:7-3:16). Defendants address these allegations at length in the points and authorities, and also in detail in Defendants' request for judicial notice of the minutes and official videos of those 13 "examples." Yet, remarkably, Plaintiffs' opposition argues that paragraph 19 provides 'extensive' factual detail and that "Defendants' second motion to dismiss does not mention Plaintiffs' detailed response to this Court's specific request." (Plaintiffs' Opposition at 4:12-16.) As with other of Plaintiffs' allegations and arguments, they then contradict themselves by acknowledging that Defendants did address those allegations, but Plaintiffs complain that it was "nitpicking." (Opposition at 5:1-2.)

So, we will go through it again. The primary issue is whether Defendants ever, let alone routinely, allowed members of the public to speak once on their own behalf, and once on behalf of another member of the public who was absent. Plaintiffs have absolutely no allegations or

argument that addresses that issue.

Beyond that, lets look at what Plaintiffs actually do allege, and then their contrary argument. Paragraph 19 states verbatim: "Examples of meetings at which persons spoke for others during the open comment period include the following." In stark contrast, Plaintiffs' opposition argues that: "As the Court requested, Plaintiffs identify 13 instances when the City allowed a similarly situated individual to read a statement of another individual into the record." (Opp. at 4:13-15.) Neither the allegation in paragraph 19 nor the statement in Plaintiffs' opposition is correct. As set forth in detail in the Defendants' motion to dismiss and request for judicial notice, two of the "examples" did not even exist, and the others included the City's own consultant, an attorney representing clients that were principals in a public hearing on an abatement action, corporate representatives, and only two other individuals – Plaintiff Alderman's brother, who spoke under his own speaker card, and only spoke once, stating that he was speaking in "place of" his sister, and Mr. Ceremello, who spoke once and did not identify himself as speaking on behalf of anyone else.

And let's look back at what this Court's order granting Defendants' motion to dismiss stated. "Plaintiffs do not allege any specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting." (At 2:4-6.) First, paragraph 19 of the FAC inadequately – but correctly – fails to allege that the purported 13 examples involved an individual allowed to read a statement into the record. Rather, and contrary to Plaintiffs' conclusory allegation in paragraph 14 that "Members of the public who cannot attend City Council meetings in person are routinely allowed to have representatives speak for them, and have their written statements read into the record during the public comment period," none of these purported "13 examples" involve anyone reading another's statement, except possibly Mr. Ceremello, whose circumstance was dramatically different than the case at bar. So, Plaintiffs' representation to the Court of 13 examples of similarly situated individuals being allowed to read a statement of another into the

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT

Case No. 21-cv-00034-EMC

record is objectively incorrect. Moreover, the lone example of a person apparently reading from another's writing is not even arguably similarly situated. In that lone instance, Mr. Ceremello did not attempt to speak on behalf of another, spoke entirely within his own allotted time, did not even attempt to use a timeslot for an absent member of the public, and did not purport to speak on behalf of someone who could not attend.

This Court required Plaintiffs to allege "specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting." (Order at 2:4-6.) We are aware of no such instance and Plaintiffs have alleged none. As Plaintiffs obviously scoured the minutes and videos of City Council meetings going back at least to 2010, this Court should be very comfortable in denying leave to amend, as Plaintiffs themselves have established that they cannot truthfully allege such an instance.

### III.

### FURTHER EXPLANATION WHY THE CLAIMS FOR VIOLATION OF FIRST AMENDMENT FAIL

The FAC does not allege anything that meets the requirements to establish that "the City put an unconstitutional content-based restriction on [Alderman's] speech by not allowing her to speak on behalf of Barich." (Opp. at 3:14-16.) Plaintiffs' own allegations establish that Mayor Dell'Osso was following the City Council rules, and the advice of the City Attorney on interpreting those rules. (FAC, ¶31.) Plaintiffs neither allege nor argue that the City's time, place, and manner restrictions are unreasonable; yet Plaintiffs again suggest that there is some factual issue to be decided regarding such rules.

Alderman's conclusory allegations that her speech was being restricted, based upon her speculation about what Dell'Osso might have expected to be in Barich's statement, is contradicted by the specific allegations of what actually happened. Dell'Osso sought the advice of the City Attorney, who stated that the rules did not allow Ms. Alderman to do what she was

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT

Case No. 21-cv-00034-EMC

attempting to do, and the judicially noticed video of the City Council meeting establishes that Alderman was, in fact, allowed to freely speak during her own time allotment. Moreover, as set forth above, the allegations in paragraph 19 do nothing to bolster Alderman's First Amendment claim.

**IV.**

**FURTHER EXPLANATION WHY THE EQUAL PROTECTION CLAIMS FAIL**

Once again, Plaintiffs assert that the time, place, and manner restrictions in the City Council rules somehow require a trial, although Plaintiffs never even argue, let alone allege, that such restrictions are unreasonable. Plaintiffs again assert that the Defendants provided no authority in their challenge to the equal protection claims. Rather than again reiterating the Defendants' cited legal authorities, we will simply refer to the authority of this Court in granting the City's prior motion to dismiss. This Court required Plaintiffs to allege "specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting." (At 2:4-6.) As set forth, ad nauseam, in the City's opening brief, and in this brief, Plaintiffs have failed to allege that such instances have ever occurred. Paragraph 19 does not even conclusorily allege that the examples listed in paragraph 19 were persons reading statements on behalf of another. And in fact, the official minutes and video show that such an event did not occur.

Plaintiffs complain that Defendants' "nitpicking" about the allegations in paragraph 19 goes beyond the face of the FAC. However, the specific points made by Defendants are based upon the official minutes and videos of the City Council meetings, of which Defendants have requested judicial notice and identified specific locations in these items. This Court indicated at the hearing on the prior motion that it would judicially notice such and Plaintiffs have not objected. Not only do these judicially noticeable items establish that none of the 13 purported examples are in any way supportive of Plaintiffs'' allegations, but the allegations themselves are also still conclusory and empty of relevant fact. They identify specific speakers at meetings, but fail to in any way

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT   Case No. 21-cv-00034-EMC

allege the specific circumstances of those meetings – presumably because any specific truthful allegations would not support their claims.

Plaintiffs also spend a significant amount of time explaining what they are not alleging. We do not need to address what Plaintiffs concede they are not alleging.

## V.

## **FURTHER EXPLANATION WHY THE *MONELL* CLAIM FAILS**

As Plaintiffs still have not alleged a plausible constitutional violation, the *Monell* claim fails. As this Court pointed out in its order granting the Defendants' first motion to dismiss, conclusory allegations of policy or custom are insufficient. The closest Plaintiffs come to alleging a custom or policy is the conclusory allegation of "denying certain individuals their rights under the First Amendment based on the content of their speech; and (2) refusing to accommodate persons with disabilities." The first allegation is far too broad to be a specific policy, and there is no factual allegations supporting it at all. Plaintiffs offer not a single example of any individual being deprived of their First Amendment speech rights based on content. The second allegation is not only conclusory, but it is then contradicted by other allegations of the FAC, which specifically allege that Plaintiff Alderman's request for ADA accommodation was granted, that the City attempted to accommodate Barich's ADA accommodation request in the community room, and that the City routinely grants Barich's ADA requests for meetings in City Council chambers. (See ¶¶21, 36, 45.) Moreover, *Monell* applies only to constitutional violations, not statutory violations such as ADA claims – an issue specifically pointed out in Defendants' original motion to dismiss.

Furthermore, Plaintiffs conclusory allegation that Dell'Osso was the final policy maker at the City is insufficient. This Court specifically warned Plaintiffs not to merely allege in conclusory terms that Dell'Osso was the final policy maker. Plaintiff's opposition attempts to compensate for the lack of any specific allegations establishing Dell'Osso as the final policy maker by asserting that Cotati's City Council rules provide that the "Mayor has authority and discretion to preserve order at all council meetings." (Opp. at 7:4-10.) This assertion actually

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT

Case No. 21-cv-00034-EMC

establishes that Dell'Osso was not the final policy maker. Plaintiff's request for judicial notice of the City Council rules specifically shows that the Council rules were approved by the City Council, not the Mayor. The rules provide authority to the Mayor to preserve order at the Council meetings, not to set policy. Furthermore, the FAC does not assert what policy Dell'Osso was the final policy maker of. There is certainly no specific allegation supporting the claim that he was the final policy maker for First Amendment issues, let alone anything more specific. Additionally, the FAC contradictorily alleges that the constitutional and statutory violations were caused by the City's failure to adequately supervise and train Dell'Osso, and failure to properly monitor and discipline Dell'Osso. (¶88.)

## VI.

## BARICH'S ADA CLAIM FAILS

The opposition asserts that paragraph 21 of the FAC overcomes the deficiencies of the ADA claim pointed out by the Court when it granted the City's motion to dismiss the original complaint, but the new conclusory allegations also fail. The FAC does not allege any incident prior to or after the March 27, 2019 meeting in which Barich requested an ADA accommodation that was not provided to his satisfaction. Even for the March 27, 2019 meeting, the allegations (and video) show that the City attempted to satisfy his ADA request. Barich generically alleges complaints about the noise from the air conditioning, but does not allege any specific instances, let alone any specific instances where he requested an ADA accommodation that was not provided. To the contrary, the allegations in paragraph 21 suggest that, for the last 10 years, Mr. Barich's requests for an electronic hearing assistive device at City Council meetings in the Council chambers were granted. Moreover, Barich does not allege that there has been another City Council meeting in the community room since March 27, 2019. He does not allege that the City intends to ever have another City Council meeting in the community room. The Complaint alleges that additional hearing devices were subsequently purchased by the City, but does not allege anything about their inadequacy; however, Plaintiffs now argue that these additional

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT

devices, which have never been used in any City Council meeting, are not adequate in every circumstance. Oddly, Barich offers a purported report by an acoustical engineer that states that the devices purchased by the City were advertised as being ADA compliant, and that he has "no comment on this claim in regard to its suitability for ADA compliance …" Plaintiff now argues that another device would be better. Again, there are no allegations about it in the FAC, and there are certainly no allegations that any other ADA request for a hearing device was inadequately fulfilled, or how the City would accommodate Mr. Barich if there were ever another City Council meeting in the community room. Barich does not and cannot make any allegations about what accommodations the City will make for any ADA accommodation he might request in the future.

The ADA claim fails because the FAC fails to allege specific facts establishing deliberate indifference or "a real and immediate threat of repeated injury." (Order at 3:24-4:13.)

## VII.

## **DEFENDANTS' MOTION TO STRIKE SHOULD BE GRANTED**

Hopefully the motion to strike is moot, as this Court should grant the Defendants' motion to dismiss the First Amendment, Equal Protection, and ADA claims in their entirety without leave to amend. Beyond that, Plaintiffs again attempt to defend these irrelevant allegations with conclusory assertions containing no specific discussion of what facts they actually alleged. Plaintiffs tacitly concede that none of these previous events had anything to do with Mr. Dell'Osso. A purported act by the City's Chief of Police in 2014 (¶22) has nothing to do with the claims in the FAC. The 2007 event in which someone other than Dell'Osso purportedly told Barich and another private citizen to take their verbal dispute outside (¶23), has no bearing on the claims in the FAC. Allegations that City Council members other than Dell'Osso made negative comments about Plaintiffs in 2017 (and at some other unspecified time) have nothing to do with the claims in the FAC. (¶¶24-25.) These allegations are immaterial, impertinent, and simply intended to cast a negative light on the individuals involved, as there can be no legitimate basis to include them.

# VIII.

## PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IS NOT PROPER

Hopefully the issue of punitive damages is moot, as this Court should grant the Defendants' motion to dismiss the Equal Protection, First Amendment, and ADA claims without leave to amend.

As set forth in Defendants' original motion to dismiss and reply brief, as well as Defendant's opening brief for this motion, a request for exemplary damages is subject to a motion to dismiss based on *Opperwall v. State Farm Fire and Casualty Company,* 2018 WL 1243085, *5 (N.D. Cal. 2018). As with Plaintiffs' opposition to the original motion to dismiss, Plaintiffs' current opposition simply ignores that authority.

As par for the course, it is not clear from Plaintiffs' opposition, but they seem to acknowledge that punitive damages are not available against the City. On the other hand, Plaintiffs continue to make the objectively incorrect assertion that Government Code section 818 applies only to school districts and, more importantly, entirely ignore U.S. Supreme Court decisions in *City of Newport v. Fact, Concerts Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. §1983.") and *Barnes v. Gorman,* 536 U.S. 181, 190 (2002) (punitive damages not allowed under the ADA).

As to Defendant Dell'Osso, the opposition simply repeats the conclusory allegation in the FAC of "deliberate indifference." Such conclusory allegations are insufficient. Plaintiffs' allegations and the official meeting video shows that Dell'Osso was simply following the advice of the City Attorney in not allowing Ms. Alderman to have an additional time slot for citizen comment by asserting to speak on behalf of Mr. Barich. Nothing alleged in the FAC could support a claim for punitive damages.

# IX.

## THE REQUESTS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

Again, hopefully the issue of injunctive relief is moot, as this Court should grant

Defendants' motion to dismiss the First Amendment, Equal Protection, and ADA claims in their entirety without leave to amend. Beyond that, neither the FAC nor Plaintiffs' opposition sets forth any purported facts that could justify injunctive relief. Beyond the lack of any allegations to support injunctive relief, Plaintiffs specifically allege that Dell'Osso is no longer Mayor as of December 8, 2020. (FAC, 7:25-26.)

Defendants request the Court to take judicial notice that Dell'Osso is no longer even a Council member. (See official City of Cotati website listing City Council members.) Nowhere in paragraphs 21-25, or anywhere else, do Plaintiffs allege anything about other acts by Dell'Osso or anything else that would support injunctive relief.

## X.

## **THE MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND**

Defendants requested that their motion be granted without leave to amend, and explained why in the first paragraph of the opening brief and further in the very last sentence of their opening brief: "Plaintiffs were given fair opportunity to cure the deficiencies in the original complaint, but failed to do so, and have demonstrated that their deficient claims cannot be cured." (Opening Brief at 1:9-10 and 23:8-10.) Yet, remarkably, Plaintiffs opposition states that "Defendants do not argue that any amended pleading would be futile or subject to dismissal." (Opp. at 10:11-12.) So, now we are giving this point a separate heading to make sure it is not missed. Plaintiffs were given a very specific directive by this Court to specifically plead various facts to state their claims, including the very specific directive to allege "specific instances where Mayor Dell'Osso (or his predecessors) allowed a similarly situated individual to read a written statement into the record during a City Council meeting." Despite their contrary assertions in the opposition, Plaintiffs' have not even conclusorily alleged such instances. Of the 13 examples set forth in paragraph 19 of the FAC, only one even remotely involves a speaker purportedly reading from another's written statement, and that person was in no way similarly situated to the Plaintiffs in the case at bar. As described above, that speaker did not attempt to gain an additional speaking

9

timeslot by submitting a speaker card for an absent individual, and then attempt to read that person's written statement as the attorney in fact for that person. The speaker presented his own personal views and, in the course of doing so, elected to refer to something written by a third party (who apparently was not present, for unknown reasons). Indeed, that incident demonstrates that Ms. Alderman could have used her own time to read Mr. Barich's statement, and it was her own decision to speak on other matters during her allotted time.

Plaintiffs' current opposition offers nothing to indicate that the defects in their claims can be cured. As Plaintiffs have already scoured the City Council meetings going back at least to 2010, and found no better facts to allege, there is no reason to grant Plaintiffs leave to Amend.

## XI.

## **CONCLUSION**

For all of the reasons set forth above, and in the City's opening papers, the Defendants' motion should be granted in its entirety, without leave to amend.

Dated: June 4, 2021

                                        GIBBONS & CONLEY

                                        By: */s/ Peter Urhausen*
                                              PETER URHAUSEN, ESQ.
                                              SEAN CONLEY, ESQ.
                                              Attorney for Defendant, CITY OF COTATI and JOHN A. DELL'OSSO

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, STRIKE, AND FOR MORE DEFINITE STATEMENT OF FIRST AMENDED COMPLAINT     Case No. 21-cv-00034-EMC