CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, California 95404-4421
Telephone: (707) 523-2251; Cell: (707) 280-6323
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiffs GEORGE E. BARICH
and LAURIE ALDERMAN

Peter A. Urhausen, SBN 160392
GIBBONS & CONLEY
3480 Buskirk Avenue, Suite 200
Pleasant Hill, CA 94523
Telephone: 925.932.3600
Facsimile: 925.932.1623
E-mail: pau@gibbons-conley.com

Attorneys for Defendants CITY OF COTATI
and JOHN A. DELL'OSSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE E. BARICH and LAURIE ALDERMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF COTATI and JOHN A. DELL'OSSO,**<br><br>Defendants. | Case 3:21-cv-00034-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   January 11, 2022<br>Time:  2:30 p.m.<br>Location: Courtroom 5 – 17th Floor<br>450 Golden Gate Avenue, San Francisco, CA 94102<br>(Videoconference Only)<br>Judge: Hon. Edward M. Chen<br><br>Complaint filed: January 5, 2021<br>Trial date: December 12, 2022 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

The Court has Federal question subject matter jurisdiction because Plaintiffs assert claims under 42 USC §§1983 and 12101. No issues exist regarding personal jurisdiction or venue. The parties are not aware of any other parties that remain to be served.

2. **Facts**

Plaintiffs' Contentions:

This case involves three occasions on which Defendants violated Plaintiffs' civil rights. On January 8, 2019, Dell'Osso presided over a regularly scheduled City Council meeting. Barich, who was out of town and wished to be heard at the meeting, appointed Alderman as his "attorney-in-fact" to read a written statement into the record in his absence. During the meeting's public comment period, Alderman was not allowed to speak on behalf of Barich or to read his statement into the record. Mayor Dell'Osso, on advice of City Attorney Donoghue, stated to Alderman that she "would not be allowed to speak for George [Barich], due to the rules about proxy statements." However, Dell'Osso accepted Barich's written statement for inclusion into the meeting's written record.

On January 22, 2019, Dell'Osso presided over a regularly scheduled City Council meeting. Barich again appointed Alderman as his "attorney-in-fact" to present his testimony at the meeting. This time, Alderman filled out a speaker card for Barich. When his name was called, Alderman presented herself and a notarized copy of a power of attorney granting her the authority to speak on Barich's behalf in his absence. Dell'Osso asked for the advice of the City Attorney, who stated that the City's rules do not allow for speakers to present a power of attorney and comment for someone else. In response, Alderman told Dell'Osso and the City Attorney that they were violating Barich's civil rights and that they should reconsider their decision to not let her read his statement into the record. Dell'Osso refused to allow Alderman to read the statement into the record. (Alderman admits that she was allowed to speak for Barich at the City Council meeting of February 12, 2019, when Barich was present but suffering from a sore throat.)

On March 27, 2019, the City held a special meeting of the City Council. The meeting was held in the community room at the Cotati police station rather than the City Council chambers next door.

Barich, who suffers from progressive hearing loss and tinnitus, often requires an electronic hearing-assist device at City Council meetings, which the City provides. A week before the special meeting, Barich requested an electronic hearing-assist device for his use at the meeting. The Cotati City Clerk assured Barich that he would be provided with a hearing-assist device for the special meeting.

At the outset of the meeting, the City Clerk provided Barich an electronic hearing-assist device that did not function inside the police station's community room. The clerk gave Barich a second device that also did not function. It is undisputed that he City's hearing-assist devices could *never* work in the community room, as they had to be connected to the public-address system in the council chambers next door in order to function. No public-address system was used at the special meeting because the community room did not have one. City Clerk Berges and City Planner Harries acknowledged to Barich before the meeting that the hearing-assist devices were not working. Barich asked Berges to inform the Mayor of the problem, but the meeting continued. As a result, Barich was relegated to the side of the room. The chairs were arranged in a horseshoe pattern with the closed end toward the audience. City Council members Wendy Skillman and Mark Landman and Public Works Director Scott, who was there to speak, were facing away from Barich, making it impossible for him to follow along and participate in the discussions.

See https://www.youtube.com/watch?v=47v50C9oirA&t=7s – At a 2015 City Council meeting in the City Council chambers, Skillman is the one pretending to play the violin and laughing while Barich speaks; Dell'Osso is the one who asks Barich a question and then shouts him down, claiming it was rhetorical; and then-Mayor Landman is the one who cuts off Barich's microphone and, tellingly, says, "We knew what his answer would be."

During the March 27, 2019 special meeting's public comment period, Barich reminded the City Council of his hearing disability, informed them that the council was not accommodating his disability, and requested that the meeting be moved to the nearby council chambers where his hearing disability could be accommodated through the use of the public-address system. Dell'Osso denied Barich's request and suggested that he raise his hand and interrupt the meeting every time he was having trouble hearing the discussion. Barich replied to Dell'Osso that this was unreasonable. Dell'Osso answered that

JOINT CASE MANAGEMENT STATEMENT

3

Barich could either stay under the circumstances or leave. Barich, unable to meaningfully participate after some 13 minutes, left the meeting.

Based on these incidents and after having their government tort claims timely filed and rejected, Plaintiffs filed the instant action on January 5, 2021, asserting five claims: (1) violation of Barich's right to equal protection under the Fourteenth Amendment against Dell'Osso; (2) violation of Alderman's freedom of speech rights under the First Amendment at the January 8 and January 22 meetings against Dell'Osso; (3) violation of Alderman's right to equal protection under the Fourteenth Amendment against Dell'Osso; (4) unconstitutional policy, custom, or practice in violation of § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the City; and (5) violation of Barich's rights under the ADA, 42 U.S.C. §§ 12101–12213, against the City. The First Amended Complaint also includes allegations regarding prior civil rights violations by the City and its agents, including a prior federal action the City settled. It also includes prior false accusations by other Council members.

Defendants' Contentions:

Defendants' denials and admissions to Plaintiffs' allegations are set forth in the Defendants' answer. Very briefly, to address what Defendants believe the Court is looking for here, and not as a limitation on a Defendants' version of events, Defendants incorporate their statement from the previous Joint Case Management Statement and emphasize the following new information that directly addresses the basis for the Court's partial denial of the Defendant's Motion to Dismiss. Plaintiff Alderman admitted in responses to interrogatories that the City informed her at the January 8, 2019 and January 22, 2019 City Council meetings, as well as at numerous previous meetings, that she had the right to say whatever she wished during her own speaking timeslot during the Citizen Business section of the City Council meeting. Alderman admits that she was fully aware of that right, but nonetheless chose not to read Mr. Barich's written statement during her own speaking timeslot.

Furthermore, Plaintiffs' original and amended complaints omit that she was allowed to read Mr. Barich's statement at the next City Council meeting on February 12, 2019. Alderman denied this in her

original responses to interrogatories, but when confronted with the video evidence, admitted that she had been so allowed, claiming that her memory is unreliable.

Hence, it is now clear that Ms. Alderman was expressly informed by the City and was fully aware that she had the right to say whatever she wished during her own speaking timeslot, but decided not to read Mr. Barich's statement during her own speaking timeslot, and to instead speak on other matters.

### 3. **Legal Issues**

A number of legal issues are set forth in the moving and opposing papers for the two 12(b)(6) motions Defendants have filed in this matter. In brief, Plaintiff Barich claims that his equal protection rights were violated by what occurred at the January 8 and January 22, 2019 City Council meetings, and the Defendants deny this. Plaintiff Alderman claims that her equal protection and First Amendment rights were violated in connection with the January 8 and January 22, 2019 City Council meetings, and the Defendants deny this. Both Plaintiffs claim that the City is liable for the previously described claims under a *Monell* liability theory; the Defendants deny this. Plaintiff Barich claims that his rights under the Americans with Disabilities Act were violated in connection with a City Council strategic planning meeting held on March 27, 2019 in the community room at the Police Department; Defendants deny this.

Defendants' affirmative defenses are set forth in their Answer, and include that if Dell'Osso's conduct is found to have violated either or both the Plaintiffs' constitutional rights, that he is nonetheless entitled to qualified immunity.

### 4. **Motions**

Defendants filed two 12(b)(6) motions, the first of which was granted with leave to amend, and the second of which was granted in part and denied in part. The Court struck Plaintiffs' requests for injunctive relief but declined to strike the ADA claim or any of their other four claims. The Court also declined to strike Plaintiffs' punitive damages request against Dell'Osso on their constitutional claims

and allegations in the First Amended Complaint regarding prior First Amendment violations and defamatory statements. There are no pending motions.

Defendants anticipate potentially filing a motion for summary judgment or partial summary judgment. Plaintiffs anticipate filing a motion for summary judgment.

**5.     Amendment of Pleadings**

None anticipated.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

Plaintiffs and Defendants are in full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, having disclosed names, addresses and telephone numbers of witnesses and identified documents.

**8.     Discovery**

The parties propounded written discovery prior to mediation. The parties anticipate further written discovery and the taking of depositions. The parties do not propose limitations or modifications to the discovery rules. The parties do not believe that a stipulated discovery order is necessary for this matter. Discovery may include subpoenaing records from third parties. The parties further intend to take non-party depositions, if necessary.

**9.     Class Actions**

This case is not a class action.

### 10. Related Cases

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

### 11. Relief

Plaintiffs claim compensatory damages, punitive damages and attorney's fees and costs. Plaintiffs contend that the compensatory damages for civil rights and ADA violations, while difficult to quantify, exceed $250,000. Plaintiffs contend that punitive damages will depend on the wealth of Defendants, but given the prior intentional civil rights violations against Barich, and the Hon. Vince Chhabria's warning in that case (Barich v. Cotati, et al., Case No. 3:15-cv-00350-VC) that the City would face severe consequences should there be a repeat, punitives should be at least treble the compensatory damages.

To date, Plaintiffs' assert their attorney's fees and costs are over $45,000.

Plaintiffs' requests for injunctive relief have been dismissed. Description of Defendants, from whom damages are sought, for the basis on which they contend damages should be calculated if liability is established: there is no actual "calculation" of damages, which are non-economic and nominal.

### 12. Settlement and ADR

Plaintiffs and Defendants have timely filed their ADR Certifications with the Court. The parties have discussed ADR, and they have mediated, with no success.

### 13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ___ YES   __X__ NO

### 14. Other References

The parties do not think the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Defendants suggest that the *Monell* claim and issue of punitive damages be bifurcated.

### 16. Expedited Trial Procedure

The parties do not think this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling

Mediation completed:  11/22/2021

Trial Date:  12/12/2022

Trial Length:  Est. 4 court days

Final Pretrial Conference:  11/15/2022 at 2:30 p.m.

Dispositive Motions:  Last day to file 7/28/2022; Last day to be heard 9/1/2022 at 1:30 p.m.

Non-expert Discovery Cut-off:  6/9/2022

Expert Reports:  Opening reports by 6/9/2022; Rebuttal reports by 6/30/2022

Expert Discovery Cut-off:  7/21/2022

### 18. Trial

Both parties have requested a jury trial and expect 4 to 6 court days in length.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiffs have filed certifications that are required by Civil Local Rule 3-15. Defendants are exempt. Plaintiffs are not aware of any persons or entities other than the parties themselves that have a financial interest in the subject matter in controversy or a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other**

None.

Dated: January 4, 2022                              /s/ Carleton L. Briggs
                                                                     ─────────────────────
                                                                     Counsel for Plaintiffs

Dated: January 4, 2022                              /s/ Peter A. Urhausen
                                                                     ─────────────────────
                                                                     Counsel for Defendants

CERTIFICATION

I, Carleton L. Briggs, am the ECF User whose identification and password are being used to file this Joint Case Management Statement & [Proposed] Order. I hereby attest that Peter A. Urhausen, Esq. has concurred in this filing.

Dated: January 4, 2022                              /s/ Carleton L. Briggs
                                                                     ─────────────────────
                                                                     Counsel for Plaintiff