CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, California 95404-4421
Telephone: (707) 523-2251; Cell: (707) 280-6323
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiffs GEORGE E. BARICH
and LAURIE ALDERMAN

Peter A. Urhausen, SBN 160392
GIBBONS & CONLEY
3480 Buskirk Avenue, Suite 200
Pleasant Hill, CA 94523
Telephone: 925.932.3600
Facsimile: 925.932.1623
E-mail: pau@gibbons-conley.com

Attorneys for Defendants CITY OF COTATI
and JOHN A. DELL'OSSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE E. BARICH and LAURIE ALDERMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF COTATI and JOHN A. DELL'OSSO,**<br><br>Defendants. | Case 3:21-cv-00034-EMC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:   June 28, 2022<br>Time:  2:30 p.m.<br>Location:  Courtroom 5 – 17th Floor<br>450 Golden Gate Avenue, San Francisco, CA 94102<br>(Videoconference Only)<br>Judge:  Hon. Edward M. Chen<br><br>Complaint filed:  January 5, 2021<br>Trial date:  December 12, 2022 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Facts**

    Plaintiffs' Contentions:

    This case involves three occasions on which Defendants violated Plaintiffs' civil rights. On January 8, 2019, Dell'Osso presided over a regularly scheduled City Council meeting. Barich, who was out of town and wished to be heard at the meeting, appointed Alderman as his "attorney-in-fact" to read a written statement into the record in his absence. During the meeting's public comment period, Alderman was not allowed to speak on behalf of Barich or to read his statement into the record on his behalf. Mayor Dell'Osso, on advice of City Attorney Donoghue, stated to Alderman that she "would not be allowed to speak for George [Barich], due to the rules about proxy statements." However, Dell'Osso accepted Barich's written statement for inclusion into the meeting's written record.

    On January 22, 2019, Dell'Osso presided over a regularly scheduled City Council meeting. Barich again appointed Alderman as his "attorney-in-fact" to present his testimony at the meeting. This time, Alderman filled out a speaker card for Barich. When his name was called, Alderman presented herself and a notarized copy of a power of attorney granting her the authority to speak on Barich's behalf in his absence. Dell'Osso asked for the advice of the City Attorney, who stated that the City's rules do not allow for speakers to present a power of attorney and comment for someone else. In response, Alderman told Dell'Osso and the City Attorney that they were violating Barich's civil rights and that they should reconsider their decision to not let her read his statement into the record in his place. Dell'Osso refused to allow Alderman to read the statement into the record. (Alderman admits that she was allowed to speak for Barich later at the City Council meeting of February 12, 2019, when Barich was present but suffering from a sore throat.)

    On March 27, 2019, the City held a special meeting of the City Council. The meeting was held in the community room at the Cotati police station rather than the City Council chambers next door. Barich, who suffers from progressive hearing loss and tinnitus, often requires an electronic hearing-assist device at City Council meetings, which the City provides. A week before the special meeting, Barich requested an electronic hearing-assist device for his use at the meeting. The Cotati City Clerk assured Barich that he would be provided with a hearing-assist device for the special meeting.

At the outset of the meeting, the City Clerk provided Barich with an electronic hearing-assist device, indentifying it as an amplifier. However, it did not function inside the police station's community room. The clerk gave Barich a second device that also did not function. It is undisputed that the City's electronic hearing-assist devices could *never* work in the community room, as they were radio frequency receivers which had to be connected to the public-address system in the council chambers next door in order to function. No public-address system was used at the special meeting because the community room did not have one. City Clerk Berges and City Planner Harries acknowledged to Barich before the meeting that the hearing-assist devices were not working. Barich asked Berges to inform the Mayor of the problem, but the meeting continued. As a result, Barich was relegated to the side of the room. The chairs were arranged in a horseshoe pattern with the closed end toward the audience. City Council members Wendy Skillman and Mark Landman and Public Works Director Scott, who was there to speak, were facing away from Barich, making it impossible for him to follow along and participate in the discussions.

Barich reminded the City Council of his hearing disability, informed them that the council was not accommodating his disability, and requested that the meeting be moved to the council chambers next door where his hearing disability could be accommodated through the use of the public-address system. Dell'Osso denied Barich's request and suggested that he raise his hand and interrupt the meeting every time he was having trouble hearing the discussion. Barich replied to Dell'Osso that this was unreasonable. Dell'Osso answered that Barich could either stay under the circumstances or leave. Barich, unable to meaningfully participate after some 13 minutes, left the meeting.

The hostility of the Cotati City Councilmembers toward Barich has existed for years. See http://cotaticityca.iqm2.com/Citizens/SplitView.aspx?Mode=Video&MeetingID=2052&Format=Minutes, starting at 50.00 – At a September 25, 2018 City Council meeting in the City Council chambers, Skillman is the one pretending to play the violin and laughing while Barich speaks; Dell'Osso is the one who asks Barich a question and then shouts him down, claiming it was rhetorical; and then-Mayor Landman is the one who cuts off Barich's microphone and, tellingly, says, "We knew what his answer would be."

     Contrast this with http://cotaticityca.iqm2.com/Citizens/SplitView.aspx?Mode=Video&MeetingID=2253&Format=Minutes, at 3:12 and 3:17:45 - On July 27, 2021, the City Council allowed a citizen, Marjorie Crump Shears, to speak twice during a public input time after an agenda item. A new council member since November 2020, Ben Ford, interjected with, "Our rules only allow a speaker to speak one time on an issue. And I'm concerned about any precedent that would set for future enforcement of that rule." Defendants have admitted to this in discovery.

     After having Barich's government tort claims timely filed and rejected, Plaintiffs filed the instant action on January 5, 2021, asserting five claims: (1) violation of Barich's right to equal protection under the Fourteenth Amendment against Dell'Osso; (2) violation of Alderman's freedom of speech rights under the First Amendment at the January 8 and January 22 meetings against Dell'Osso; (3) violation of Alderman's right to equal protection under the Fourteenth Amendment against Dell'Osso; (4) unconstitutional policy, custom, or practice in violation of § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the City; and (5) violation of Barich's rights under the ADA, 42 U.S.C. §§ 12101–12213, against the City. The First Amended Complaint also includes allegations regarding prior civil rights violations by the City and its agents, including a prior federal action the City settled. It also includes prior false accusations by other Council members.

     <u>Defendants' Contentions</u>:

     Defendants' denials and admissions to Plaintiffs' allegations are set forth in the Defendants' answer. Very briefly, to address what Defendants believe the Court is looking for here, and not as a limitation on a Defendants' version of events, Defendants incorporate their statement from the previous Joint Case Management Statement and emphasize the following new information that directly addresses the basis for the Court's partial denial of the Defendant's Motion to Dismiss. Plaintiff Alderman admitted in responses to interrogatories that the City informed her at the January 8, 2019 and January 22, 2019 City Council meetings, as well as at numerous previous meetings, that she had the right to say whatever she wished during her own speaking timeslot during the Citizen Business section of the City Council meeting. Alderman admits that she was fully aware of that right, but nonetheless chose not to read Mr. Barich's written statement during her own speaking timeslot.

Furthermore, Plaintiffs' original and amended complaints omit that she was allowed to read Mr. Barich's statement at the next City Council meeting on February 12, 2019. Alderman denied this in her original responses to interrogatories, but when confronted with the video evidence, admitted that she had been so allowed, claiming that her memory is unreliable.

It is now clear that Ms. Alderman was expressly informed by the City and was fully aware that she had the right to say whatever she wished during her own speaking timeslot, but decided not to read Mr. Barich's statement during her own speaking timeslot, and to instead speak on other matters.

## 2. Discovery

The parties completed written discovery. Defendants have taken the depositions of Plaintiffs Barich and Alderman, and corrections to the depositions were submitted to the court reporter. Plaintiffs noticed the deposition of Defendant Dell'Osso for June 9, 2022, on less than 8 calendar days notice. Defense counsel was not available and the parties agreed to reschedule later in the summer, dependant upon defense counsel's trial schedule. Expert witness discovery is still underway. Plaintiffs have designated two expert witnesses, a forensic audiological expert and a sound engineer. Defendants have designated an expert witness who is an attorney specializing in municipal law, and the Plaintiffs will submit a rebuttal expert report by the deadline of June 30, 2022.

## 3. Settlement and ADR

The parties meditated on November 22, 2021, with no success.

No other efforts to settle have taken place thus far.

Dated: June 21, 2022                    /s/ Carleton L. Briggs
                                        Counsel for Plaintiffs


Dated: June 21, 2022                    /s/ Peter A. Urhausen
                                        Counsel for Defendants

CERTIFICATION

I, Carleton L. Briggs, am the ECF User whose identification and password are being used to file this Joint Status Conference Statement. I hereby attest that Peter A. Urhausen, Esq. has concurred in this filing.

Dated: June 21, 2022                         /s/ Carleton L. Briggs
                                                              Counsel for Plaintiff

JOINT STATUS CONFERENCE STATEMENT

6