EXHIBIT D

CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, CA 95404-4421
Telephone: (707) 523-2251, Cell: (707) 280-6323
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiffs GEORGE E. BARICH
and LAURIE ALDERMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. BARICH and LAURIE ALDERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COTATI and JOHN A. DELL'OSSO,<br><br>Defendants. | Case No. 21-cv-00034-EMC<br><br>**PLAINTIFF LAURIE ALDERMAN'S RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANTS CITY OF COTATI AND JOHN A. DELL'OSSO, SET ONE**<br><br>Judge: Hon. Edward M. Chen<br><br>Complaint filed: January 5, 2021<br>Trial date: December 12, 2022 |

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff LAURIE ALDERMAN submits these objections and responses to special interrogatories of Defendants CITY OF COTATI and JOHN A. DELL'OSSO, set one.

**OBJECTIONS AND/OR RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET 1:**

SPECIAL INTERROGATORY NO. 1:

On January 8, 2019, did you believe that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

1

OBJECTION: due to vagueness and timeliness. "Believe" is a subjective term and an answer would require a recollection of beliefs from over two and half years ago of a meeting on January 8, 2019.

RESPONSIVE ANSWER:

Since 2017, every council meeting agenda has had the following statement, which is also read by the mayor presiding over the meeting, under meeting orientation for new attendees.

> A. Meeting Orientation for New Attendees/Viewers. In conformance with the Brown Act and the adopted City Council Rules, the meeting agenda includes items labeled as Action Items, where the City Council will consider the item and citizens are afforded the opportunity to provide comments relevant to the item being discussed. The meeting agenda also includes a Citizens Business item, which is the designated place on the agenda where citizens have the right to say whatever they wish. The City Council may, or may not, choose to respond to comments, as the Government Code allows. However, if the City Council declines to respond, it should not be perceived as giving credence to or agreeing with any statements that the City Council or its members believe are incorrect, misinformed or purposefully biased

Additionally, Plaintiff ALDERMAN was aware of the provisions of the Brown Act through the *Open and Public Series: A Guide to the Ralph M. Brown Act*, published by the League of California Cities. The Ralph M. Brown Act, California's open meetings law, protects citizens' right to have meaningful input into their local governments' decision-making, in public at the time and the place where their elected officials meet. That right necessarily includes the ability to critique the performance of politicians, and it even includes the right to use profanity and to say some things that are offensive. That's the price of free speech.

SPECIAL INTERROGATORY NO. 2:

On January 22, 2019, did you believe that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION:

Same objection as Interrogatory 1, except as it pertains to the meeting as being on Jan. 22, 2019.

RESPONSIVE ANSWER:

Same Responsive Answer as Interrogatory 1, except as the answer pertains to Jan. 22, 2019 meeting.

SPECIAL INTERROGATORY NO. 3:

On what basis did you believe on January 8, 2019, that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION: due to vagueness and timeliness. "On which basis" is a subjective term and would require a recollection of thought processes from over two and a half years ago.

RESPONSIVE ANSWER:

Same as Interrogatory 1.

SPECIAL INTERROGATORY NO. 4:

On what basis did you believe on January 22, 2019, that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION: Same objection as Interrogatory 3.

RESPONSIVE ANSWER: Same Responsive Answer as Interrogatory 3, except as answer pertains to January 22, 2019 meeting.

SPECIAL INTERROGATORY NO. 5:

On January 8, 2019, did the City of Cotati ever inform you that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION: Non-specific to the time Plaintiff ALDERMAN was "informed" or whether she was directly or indirectly informed.

RESPONSIVE ANSWER:

Plaintiff ALDERMAN was informed generally and indirectly since 2017 due to the "meeting orientation for new attendees/viewers" phrase which is the "right to say whatever you wish during citizens business" mentioned in Interrogatory 1.

SPECIAL INTERROGATORY NO. 6:

On January 22, 2019, did the City of Cotati ever inform you that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION: Same objection as Interrogatory 5, except as it pertains to the January 22, 2019 meeting.

RESPONSIVE ANSWER:

Same responsive answer as Interrogatory 5, except as it pertains to the January 22, 2019 meeting.

SPECIAL INTERROGATORY NO. 7:

On January 8, 2019, in what manner did the City of Cotati inform you that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION: due to vagueness to in which manner, as it does not state direct communication or indirect communication of the manner or type to Plaintiff ALDERMAN.

RESPONSIVE ANSWER: Indirectly, all attendees are informed in the manner of the "meeting orientation" paragraph as stated in Interrogatory 1 that is in the agenda packet of every meeting, and this paragraph being read at each council meeting by the presiding mayor.

SPECIAL INTERROGATORY NO. 8:

On January 22, 2019, in what manner did the City of Cotati inform you that you had the right to say whatever you wished during your speaking timeslot during the Citizens Business section of the City Council meeting?

OBJECTION. Same objection as Interrogatory 7, except as it pertains to the meeting on January 22, 2019.

RESPONSIVE ANSWER: Same responsive answer as Interrogatory 7, except as it pertains to the meeting on January 22, 2019.

SPECIAL INTERROGATORY NO. 9:

Identify (by date, circumstance, and person for whom you were allowed to speak) each occasion, if any, that the City of Cotati allowed you to speak for another person at a City Council meeting.

RESPONSIVE ANSWER:

Plaintiff ALDERMAN has not had a circumstance when allowed by the Defendant CITY OF COTATI, et al, to speak for another person since she started attending meetings in 2014. Conversely, Plaintiff ALDERMAN's brother, Richard Andrew Alderman, had permission to speak for Plaintiff LAURIE ALDERMAN at the August 25, 2015 meeting from the Defendant, CITY OF COTATI from a prepared written statement by Plaintiff ALDERMAN. This permission from Defendant CITY OF COTATI enabled Plaintiff LAURIE ALDERMAN'S brother, Richard Andrew Alderman to speak for her. The City did not require that a power of attorney be presented to the City.

SPECIAL INTERROGATORY NO. 10:

Identify (by date, circumstance, and person whose statement you were allowed to read aloud) each occasion, if any, that the City of Cotati allowed you to read aloud at a City Council meeting a statement written by another person.

RESPONSIVE ANSWER:

Plaintiff ALDERMAN has not had a circumstance when allowed by the CITY OF COTATI to read a statement for another person since she started attending meetings in 2014. Conversely, Plaintiff ALDERMAN's brother, Richard Andrew Alderman, had permission to speak for Plaintiff LAURIE ALDERMAN at the August 25, 2015 meeting from the defendant, CITY OF COTATI from a prepared written statement by Plaintiff ALDERMAN. This permission from Defendant CITY OF COTATI enabled Plaintiff LAURIE ALDERMAN'S brother, Richard Andrew Alderman, to speak for her from a prepared written statement. The City did not require that a power of attorney be presented to the City.

SPECIAL INTERROGATORY NO. 11:

What portions of the City Council meetings did you attend on January 8, 2019, and January 22, 2019?

RESPONSIVE ANSWER:

Jan. 8, 2019 timeline:

6:45 p.m. Entered when the city clerk opened the city hall doors.

6:50 p.m. Spoke to City Attorney Donoghue regarding use of POA for Plaintiff Barich.

Webcast shows multiple appearances by Plaintiff Alderman during the city council meeting. Plaintiff Alderman spoke in one of the last agenda items, public comment on non-action items. Plaintiff Alderman can be seen on the webcast leaving approximately 3 minutes before adjournment of the meeting.

Jan 22, 2019 timeline:

Plaintiff Alderman does not recall when she entered the council chambers. Plaintiff Alderman can be seen seated at the meeting at the one minute and 30 second mark after the council meeting began at 7:00 p.m. on the archived city webcast. Webcast shows multiple appearances by Plaintiff Alderman during the city council meeting. Plaintiff Alderman spoke in one of the last agenda items, public comment on non-action items. Plaintiff Alderman can be seen on the webcast at the adjournment of the meeting.

Dated: October 6, 2021         Law Offices of Carleton L. Briggs

/s/ Carleton L. Briggs
CARLETON L. BRIGGS
Attorneys for Plaintiffs, GEORGE E. BARICH
and LAURIE ALDERMAN

## CERTIFICATION OF PLAINTIFF LAURIE ALDERMAN

I certify under penalty of perjury that the foregoing responses to the Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set One, are true and correct to the best of my knowledge, information, belief, understanding, or recollection, with the understanding that Plaintiff Alderman is continuing to research her responses and reserves the right to supplement same.

Dated: October 6, 2021

*Laurie Alderman*
LAURIE ALDERMAN

## PROOF OF SERVICE

I, CARLETON L. BRIGGS, certify and declare: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 740 Fourth Street, Suite 202, Santa Rosa, California 95404-4421.

On October 7, 2021, I served the attached/enclosed PLAINTIFF LAURIE ALDERMAN'S RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANTS CITY OF COTATI AND JOHN A. DELL'OSSO, SET ONE; PLAINTIFF LAURIE ALDERMAN'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS CITY OF COTATI AND JOHN A. DELL'OSSO, SET ONE; and PLAINTIFF GEORGE E. BARICH'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS CITY OF COTATI AND JOHN A. DELL'OSSO, SET ONE on all interested parties in this action, whose addresses and other contact information are as follows:

SEE ATTACHED SERVICE LIST.

[ ] BY FACSIMILE TRANSMISSION - Based on an agreement of the parties to accept service by facsimile ("fax") transmission, I transmitted such document(s) to the offices of the addressee(s) via fax machine, prior to 5:00 p.m. on the date specified above, at the telephone number(s) designated by the addressee(s) for fax reception. No error was reported by the fax machine that I used. A copy of the fax transmission record(s), which I printed out, is attached.

[ X ] BY ELECTRONIC SERVICE (E-MAIL) - Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted such document(s), or caused to be transmitted electronic notification of where the document(s) may be viewed and downloaded, to the offices of the addressee(s) via e-mail, prior to 5:00 p.m. on the date specified above, at the e-mail address(es) designated by the addressee(s) for electronic service. I received notification from the server(s) that said electronic transmission(s) had been successfully delivered to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October ____, 2021

_____
CARLETON L. BRIGGS

SERVICE LIST:

Peter Urhausen, Esq.
Sean Conley, Esq.
GIBBONS & CONLEY
3480 Buskirk Ave., Suite 200
Pleasant Hill, CA 94523
Telephone: (925) 932-3600
Facsimile: (925) 932-1623
E-mails: pau@gibbons-conley.com, scc@gibbons-conley.com

(Counsel for Defendants CITY OF COTATI and JOHN A. DELL'OSSO)