UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE E. BARICH and LAURIE ALDERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COTATI and JOHN A. DELL'OSSO,<br><br>Defendants. | Case No. 3:21-CV-00034-EMC<br><br>**SCOTT HUBER DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |

# EXPERT REPORT OF SCOTT E. HUBER

I, Scott E. Huber, declare as follows:

1. I make this declaration in support of Defendants' Motion for Summary Judgment or Partial summary Judgment in the above-entitled matter.

2. I have a Juris Doctor degree from McGeorge School of Law, University of the Pacific and I am admitted to practice law in the State of California. I have a Bachelor of Science degree in psychology from Brigham Young University.

3. I have represented public agencies since 2003. I am currently general counsel to the following public agencies: City of Oroville, Town of Paradise, Monterey Peninsula Airport District, Sewerage Commission – Oroville Region, San Bernardino International Airport Authority. I currently represent, or have previously represented, in some capacity the City of Ontario, the City of Oakley, Amador Transit, the City of Lincoln, and several other public agencies.

4. I have trained public agency officials and employees regarding the Brown Act, Public Records Act, AB 1234 Ethics Requirements, and AB 1825 Prevention of Sexual Harassment and Abusive Conduct in the Workplace. I have performed these trainings on more than a dozen occasions, as several are required to be given to public agency officers and employees on a biennial basis.

5. In addition, I have served as a publicly elected official since 2004. I was first elected to the Roseville City School District in November 2004. During 2006, I was appointed as a Board Member to the Roseville Joint Union High School District. I was reelected to that public agency upon expiration of each term since 2006, and I currently serve as a Board Member and Trustee with the current term set to expire in 2022. In my capacity as an elected official, I have served as President, Vice President and/or Clerk numerous times and, in those capacities, I have unofficially served as parliamentarian to keep order in the meetings and to ensure compliance with the law, including the Brown Act, adopted policies and procedures, and the Americans with Disabilities Act.

6. Between my service as a public agency attorney and as an elected official, I have

1  attended thousands of public meetings and have enforced and interpreted Brown Act regulations
2  as applied to many scenarios, as well as making accommodations to members of the public to
3  comply with the Americans with Disabilities Act.
4    7.    I have reviewed the following materials pertaining to the above-referenced matter,
5  including but not limited to:

    a. Plaintiffs' Complaint; Defendants' Notice of Motion and Motion to Dismiss, Strike, and for More Definite Statement of Complaint; Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss, Strike, and for More Definite Statement of Complaint; Declaration of Lauren Berges; Plaintiffs' Opposition to Motion to Dismiss; Plaintiffs' Opposition to Request for Judicial Notice; Defendants' Reply in Support of Motion to Dismiss; Court Civil Minute Order Granting Motion to Dismiss with Leave to Amend; Order Granting Defendants' Motion to Dismiss; Plaintiffs' First Amended Complaint; Defendants' Notice of Motion and Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Declaration of Peter Urhausen; Declaration of Lauren Berges; Plaintiffs' Opposition to Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Plaintiffs' Request for Judicial Notice in Support of Opposition to Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Declaration of Robert B. Skye in Support of Opposition to Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Defendants' Reply in Support of Motion to Dismiss, Strike, and for More Definitive Statement of First Amended Complaint; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Strike, and for More Definitive Statement; Plaintiff Laurie Alderman's Responses to Requests for Production of Documents of Defendants City of Cotati and John A. Dell'Osso, Set One; Plaintiff Laurie Alderman's Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set One; Plaintiff Laurie Alderman's Supplemental Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set One, #9 and #10; Plaintiff Laurie Alderman's Responses to Defendants City of Cotati and John A. Dell'Osso's Request for Admissions, Set Number One (1); Plaintiff Laurie Alderman's Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set Two; Plaintiff Laurie Alderman's Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set Three; Plaintiff George Barich's Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set One; Plaintiff George Barich's Responses to Requests for Production of Documents of Defendants City of Cotati and John A. Dell'Osso, Set One; Plaintiff George E. Barich's Responses to Defendant City of Cotati's and John Dell'Osso's Request for Admissions, Set Number One (1); Plaintiff George E. Barich's Responses to Special Interrogatories of Defendants City of Cotati and John A. Dell'Osso, Set Two; Defendants' Response to Plaintiffs' Request for Admissions, Set One; Defendants' Response to Plaintiffs' Request for Production of Documents, Set One, Defendants' Response to Plaintiffs' Request for Production of Documents, Set Two; Defendants' Response to Plaintiffs' Special Interrogatories, Set One; Defendants' Response to Plaintiffs' Special Interrogatories, Set Two; Defendants' Supplemental Response to Plaintiffs' Request for Admissions, Set One; Defendants' Supplemental Response to Plaintiffs' Request for Production

of Documents; Set Two; City of Cotati City Council Rules of Conduct (also referred to as City Council Policy).

b. Video of City of Cotati Council Meetings occurring on January 8, 2019, January 22, 2019, February 12, 2019, and March 27, 2019.

OVERVIEW OF OPINIONS

8. An overview of my opinions is as follows with more description of each below:

a. Claim 1 (Equal Protection Clause) – Based upon my experience with other public meetings, Plaintiff Barich was not treated differently than other similarly situated individuals who desire to have their statements read by a third party. His comments were received in writing by the City and Mayor Dell'Osso at the January 8 meeting. Further, the third party assigned by Plaintiff Barich to read his comments, Plaintiff Alderman, spoke freely at the January 8 and January 22 City Council meetings, and she did not attempt to utilize her own time slot to read the comments of Mr. Barich.

b. Claim 2 (First Amendment Right to Freedom of Speech) – Based upon my experience with other public meetings, Defendants applied the same type of guidelines to Plaintiffs as Plaintiffs would experience at other public meetings in California. Specifically, each person was limited to one presentation of limited duration. Plaintiff Alderman was not prevented in any way from speaking as she desired during her allotted time slot at the January 8 and January 22, 2019 City Council meetings. When called upon at the appropriate time, Plaintiff Alderman spoke freely to the City Council without any infringement or restriction by Mayor Dell'Osso. Plaintiff Alderman attempted to read Mr. Barich's statement during a time slot allotted to Mr. Barich, even though he was not in attendance. Alderman did not attempt to read the written statement of Plaintiff Barich during her allotted time to speak. When Plaintiff Alderman was done speaking at the referenced meetings, she voluntarily returned to her seat. As such, Alderman's speech, including her opportunity to

speak, was not curtailed or restricted in any way. In my experience, public agencies do not allow the assignment or transfer of a person's opportunity to speak to a third party so that the third party can present twice or multiple times.

c. Claim 3 (Equal Protection Clause) - Plaintiff Alderman was not treated differently than any other similarly situated individuals who desire to read statements written by a third party. Plaintiff Alderman provided Barich's comments in writing to the City and Mayor Dell'Osso at the January 8 meeting. Further, Plaintiff Alderman, spoke freely at the January 8 and January 22, 2019 City Council meetings. However, Alderman made no attempt to read Plaintiff Barich's comments during her allotted time slot. As such, based on my experience, Plaintiff Alderman was treated no differently than any other member of the public would be who wanted to read comments into the record written by a third party.

d. Claim 4 (*Monell* Claim) – As outlined in subparagraphs a through c above, Plaintiffs were treated in similar fashion under the rules of procedure as were other members of the public who have appeared at City Council Meetings. The City of Cotati's rules and procedures are customary amongst public agencies in California regarding public meeting protocol. Further, the behavior of the City Council and City staff in relation to Plaintiffs was in accordance with the customary and common practice of public agencies in California during public meetings.

e. Claim 5 (Violation of ADA) – Based upon my experience with other public meetings, Plaintiff Barich was treated as he would have been by other public agencies. Prior to the March 27, 2019 City Council Strategic Planning Session, Plaintiff Barich requested that a hearing device be made available to him at the meeting. City staff provided hearing devices at the Strategic Planning Session. Upon learning that the hearing devices given to Plaintiff Barich were not

functional, Plaintiff Barich declined to engage in the process to find an acceptable resolution with the City of Cotati or its staff members to find alternative reasonable accommodations as required by the ADA. Following a statement by Mayor Dell'Osso that the City would be able to accommodate him, Plaintiff Barich demanded a particular action. When that demand was not accepted by Cotati, Plaintiff Barich would not engage in the exploration of accommodations and he voluntarily left the meeting prior to the presentation by City staff members. Had Plaintiff Barich stayed at the meeting, the Council Members and City staff could have attempted alternative solutions to resolve the hearing issues experienced by Plaintiff Barich. Based upon my experience with other public meetings, Cotati made a reasonable attempt to engage in a process to find an accommodation for Plaintiff Barich.

ANALYSIS

9. After reviewing the above-listed materials, it appears that on January 8, 2019, Plaintiff Alderman was called to address the City Council during the agenda item entitled, "10. CITIZEN BUSINESS AND PUBLIC COMMENT FOR CONSENT CALENDAR ITEMS," which occurred at approximately 26:35 into the City Council Meeting. Plaintiff Alderman requested an acknowledgement that a written statement was provided on behalf of Plaintiff Barich. Following the request, Plaintiff Alderman utilized the remaining portion of her time slot to speak to the Council related to issues within the subject matter jurisdiction of the City. In addition, Plaintiff Alderman was called to address the City Council during the agenda item entitled, "17. PUBLIC COMMENT ON NON-ACTION AGENDA ITEMS," which occurred approximately 1:39:25 into the City Council meeting. Plaintiff Alderman spoke freely related to many issues relevant to the City. She approached the podium with no materials and she made no attempt to read a written statement from Plaintiff Barich. Following her comments, she returned to her seat. During each of her comments, Plaintiff Alderman did not make any assertion that her statements were restricted or infringed upon in any way.

10. After reviewing the above-listed materials, it appears that on January 22, 2019,

1 | Plaintiff Barich was called to address the City Council during the agenda item entitled, "9.
2 | CITIZEN BUSINESS AND PUBLIC COMMENT FOR CONSENT CALENDAR ITEMS,"
3 | which occurred at approximately 1:40:05 into the City Council Meeting. However, Mr. Barich
4 | was not in attendance. Plaintiff Alderman appeared at the podium and attempted to read a
5 | statement from Plaintiff Barich during the time slot allotted for Mr. Barich and stated that she had
6 | a limited power of attorney to provide the comments. It appears that Plaintiff Alderman did not
7 | wish to utilize her time slot to provide the comments from Mr. Barich. Plaintiff Alderman
8 | acknowledged that she was informed at this and other meetings that she could choose the subject
9 | of her presentation to the Council. Plaintiff Alderman was called to speak to agenda item #9,
10 | which occurred at approximately 1:50:25 into the City Council Meeting. Plaintiff Alderman
11 | utilized her time slot to provide her own comments to the City Council, and not those of Mr.
12 | Barich. In addition, Plaintiff Alderman was called to address the City Council during the agenda
13 | item entitled "16. PUBLIC COMMENT ON NON-ACTION AGENDA ITEMS," which occurred
14 | approximately 3:03:55 into the City Council meeting. Plaintiff Alderman spoke freely related to
15 | many issues relevant to the City. In similar fashion to the January 8 City Council Meeting, she
16 | approached the podium with no materials and she made no attempt to read a written statement
17 | from Plaintiff Barich. Following each of her comments, she returned to her seat. Further, Plaintiff
18 | Alderman did not make any assertion that her statements were restricted or infringed upon in any
19 | way at that time.
20 |      11.   After reviewing the above-listed materials, it appears that on March 27, 2019, the
21 | City Council held a Special Meeting related to Strategic Planning. Plaintiff Barich attended the
22 | meeting. Upon entering the room, Mr. Barich spoke with several individuals, including staff
23 | members for the City of Cotati. Following selection of a seat, Plaintiff Barich engaged in a brief
24 | discussion with Plaintiff Alderman. They spoke at a low decibel level and Plaintiff Barich did not
25 | appear to have any trouble hearing the whispered speech of Plaintiff Alderman when asking about
26 | when the agenda was posted to the City website and the provision of additional materials handed
27 | out at the Strategic Planning Meeting. Mr. Barich was provided with a listening device from City
28 | staff. After his attempt to utilize the listening device, Mr. Barich asked for assistance from City

staff to fix or correct the issues with the listening device. City staff made several attempts to activate the hearing device to no avail, including providing a different device to Plaintiff Barich. During the meeting, Plaintiff Barich addressed Mayor Dell'Osso regarding the non-functioning listening devices. Further, Plaintiff Barich complained of a "hum" that was coming from the building's mechanical equipment. Based on those factors, Plaintiff Barich made a "strong demand" that the meeting be continued and relocated to another location. Following a discussion between Plaintiff Barich and Mayor Dell'Osso, the Mayor stated "we will be able to accommodate you." However, Plaintiff Barich reiterated his demand that the meeting be rescheduled and left the meeting. Other than his request for a functioning listening device, and his demand that the entire meeting be moved, Plaintiff Barich made no other requests related to accommodations or alternative arrangements to permit him to appropriately listen to the meeting, and refused to attempt the offered accommodation and further discussion.

12. It is my professional opinion that the City Council and staff members acted in a manner that is consistent with the custom and practice of other public agencies in the conduct of public meetings. As is common at public meetings, a party may speak during a public meeting on any matter that is not listed on the agenda, provided the subject is within the subject matter jurisdiction of the public agency. A person may speak for themselves or for the benefit of another person. However, the speaker is only allotted one time slot to speak. It is the custom and practice of every public agency with which I am familiar to allow a person only one time slot to speak. Further, City of Cotati City Council Rules of Conduct (also referred to as City Council Policy) pertaining to comments from members of the public are virtually identical to policies adopted by public agencies throughout California. I am not aware of any public agency in California that allows someone to speak for a third party during time allotted to the third party, and also to speak again on the same agenda item during a time slot allotted to the individual. Further, a person may not speak multiple times for other people on the same agenda item. In addition, public agencies do not allow individuals to share their time or give it to another person.

13. The treatment accorded to Plaintiffs here was consistent with the custom and practice of other public agencies that I have seen universally applied at public meetings. Plaintiff

00086529.1                                       8                        Case No. 3:21-CV-00034-EMC
DECLARATION OF SCOTT E. HUBER

Alderman was given ample opportunity to speak in an unrestricted manner at the January 8 and January 22, 2019 City Council Meetings, and this was similar treatment as she would receive at other public agencies in California.

14. As for the May 27, 2019 Special City Council Meeting, it is my professional opinion that Barich was treated reasonably and in similar fashion as to what I would expect to see from any other public agency. In addition, Plaintiff Barich made no attempts to request reasonable alternative accommodations, and insisted that postponement and relocation of the meeting was the only acceptable accommodation to him. It is important to note that Mayor Dell'Osso stated specifically, "We will be able to accommodate you." Plaintiff Barich chose not to wait for the discussion by City staff members to begin to determine if he would be able to sufficiently hear the speakers at the meeting. Common alternatives in practice by public agencies are to relocate someone to a location where they can hear the speakers, for individuals to speak loudly, and to turn off HVAC and other building equipment to prevent mechanical noise. None of these alternatives were able to be implemented, or even attempted, because Plaintiff Barich voluntarily left the meeting before it was underway.

15. Appendix A is a copy of my current Curriculum Vitae. The knowledge base that I utilize has been developed over time from my years of practice and experience as a public agency attorney, and as an elected official.

16. I have personal knowledge of the forgoing and could and would competently testify thereto. I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct. This declaration was executed in Roseville, California.

August _23_, 2022

Respectfully submitted,

*Scott E. Huber*

Scott E. Huber